Eric D. SMITH, Appellant–Plaintiff,

v.

Stephen J. HUCKINS, et al.,
Appellees–Defendants.

No. 46A04–0512–CV–733.

Court of Appeals of Indiana.

July 13, 2006.

 

Eric D. Smith, Westville, IN, pro se.

## OPINION

VAIDIK, Judge.

### Case Summary

Eric D. Smith, an inmate at Westville Correctional Center, appeals the trial court's dismissal of his complaint pursuant to Indiana Code § 34–58–1–2, which provides a screening procedure for offender litigation. Because Smith's complaint fails to allege any facts to support his claims against the defendants, we affirm the trial court.

### Facts and Procedural History

On November 7, 2005, Smith, pro se, filed a Complaint in LaPorte Superior Court against Stephen J. Huckins, Ed Buss, and Pam Bane—all Indiana Department of Correction employees at Westville. The complaint alleged that the defendants "violate[d] [Smith's] freedom of speech and access to the courts and prevent[ed][him] from filing and mailing out civil suits to challenge his conditions and treatment of confinement and prevent[ed] him from prosecuting things of great importance to [him] that he already ha[d] filed in court." Appellant's App. p. 6. The complaint also alleged that the defendants, who "owed [him] a duty," "d[id] not come up with policies that w[ould] protect [him] in regards to his state-protected rights...." *Id.* at 7. Smith requested "injunctive and declaratory relief as well as monetary and punitive damages and a reasonable attorney's fee." *Id.* at 4.

That same day, the LaPorte Superior Court issued an Order dismissing Smith's complaint. Specifically, the trial court noted that Smith's "complaint of approximately seven pages alleges that the defendants violated the plaintiff's freedom of speech and prevented him from prosecuting

things of great importance to the plaintiff. The plaintiff further complains of the policies of the defendants and requests permanent injunction against the defendants." *Id.* at 17. The court then found that:

[P]laintiff's claim is not one upon which relief may be granted. The law does not support the plaintiff's allegation that the Court is to decide in an injunctive manner the day to day issues of the Department of Correction[ ]. Furthermore, the facts themselves do not support any Constitutional violation of the plaintiff's rights as an inmate of the Department of Correction[ ].

*Id.* Accordingly, the court concluded that "pursuant to Indiana Code 34–58–1–2(a)(2), plaintiff's complaint lacks both a legal and factual basis. Thus, the Court finds that plaintiff's claim may not proceed." Id. The court added that because three civil actions filed by Smith had already been dismissed pursuant to Indiana Code § 34–58–1–2, he may not file a new complaint without the court first determining that he is in immediate danger of serious bodily injury.[1] Smith, pro se, now appeals the dismissal of his complaint. Because the trial court dismissed Smith's complaint after conducting its review, there is no respondent and, therefore, no appellee. Accordingly, the Indiana Attorney General filed a notice of non-involvement in this matter.

**Discussion and Decision**

Smith contends that the trial court erred in dismissing his complaint pursuant to Indiana Code § 34–58–1–2.[2] Indiana Code § 34–58–1–1 provides, "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." Section 2, in turn, provides in pertinent part:

(a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

(1) is frivolous;

(2) is not a claim upon which relief may be granted; or

(3) seeks monetary relief from a defendant who is immune from liability for such relief.

(b) A claim is frivolous under subsection (a)(1) if the claim:

(1) is made primarily to harass a person; or

(2) lacks an arguable basis either in:

(A) law; or

(B) fact.

Ind.Code § 34–58–1–2. If a court determines that a claim may not proceed under section 2, the court shall enter an order explaining why the claim may not proceed and stating whether there are any remaining claims in the complaint or petition that may proceed. Ind.Code § 34–58–1–3. In addition, Indiana Code § 34–58–2–1 provides, "If an offender has filed at least

---

**1.** The trial court identified the three civil actions that had been dismissed as *"Eric D. Smith v. Ralph Carrasco and David Miller,* Cause No. 46D03–0505–CT–184; *Eric D. Smith v. Lt. P.B. McKee, et al,* [Cause No.] 46D03–0508–MI–290; and *Eric D. Smith v. Maximum Control Facility, et al,* [Cause No.] 46D03–0511–PL–374."* Appellant's App. p. 17. We are issuing opinions in all three of

these cases today. *See Smith v. McKee,* 850 N.E.2d 471 (Ind.Ct.App., 2006); *Smith v. Maximum Control Facility,* 850 N.E.2d 476 (Ind.Ct.App., 2006); and *Smith v. Carrasco,* 850 N.E.2d 468 (Ind.Ct.App., 2006).

**2.** Indiana Code § 34–58–1–2 went into effect on July 1, 2004, and applies to causes of action filed after June 30, 2004. P.L. 80–2004.

three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35–41–1–25)."

The General Assembly enacted these statutes to screen offender litigation and to prevent abusive litigation by offenders. These statutes are in direct response to the prolific offender litigation that has been occurring in our state courts and were designed to balance an offender's right to file a civil action with the heavy burden that those suits have placed on our judicial system.

■ With this in mind, the trial court conducted the review provided for in Indiana Code § 34–58–1–2 and issued an order pursuant to Indiana Code § 34–58–1–3 that Smith's complaint did not state a claim upon which relief may be granted, and Smith now appeals that order. In reviewing the trial court's dismissal of Smith's complaint, we note that a dismissal made pursuant to Indiana Code § 34–58–1–2 is different from any other proceeding we have in the law. In some respects, a dismissal made pursuant to Indiana Code § 34–58–1–2 looks like an Indiana Trial Rule 12(B) motion to dismiss. This is because the court looks at the facts in the complaint and decides as a matter of law whether the case should go forward. *See Burke v. Town of Schererville*, 739 N.E.2d 1086, 1090–91 (Ind.Ct.App.2000), *trans. denied*. Furthermore, the language of one of the subsections in Indiana Code § 34–58–1–2 mirrors the language of Trial Rule 12(B)(6), namely: that failure to state a claim upon which relief may be granted is cause for dismissal.

But in other respects, a dismissal made pursuant to Indiana Code § 34–58–1–2 is not like a Trial Rule 12(B) motion to dismiss. For example, a trial court undertakes a review of the offender's complaint or petition *before* the defendant even has an opportunity to become involved in the case and to file a responsive pleading or any other dispositive motion. In addition, unlike a Trial Rule 12(B)(6) dismissal, a dismissal made pursuant to Indiana Code § 34–58–1–2 is with prejudice. In other words, once a trial court determines that a claim may not proceed, the offender cannot amend his complaint. To allow amendment after dismissal would be counterproductive to the legislative intent of cutting off meritless or frivolous lawsuits.

■ In other respects, a dismissal made pursuant to Indiana Code § 34–58–1–2 looks like a motion for summary judgment. First, such a dismissal means that the case is resolved, and the complaint cannot be amended. Second, the trial court can consider matters outside of the complaint or petition. That is, by way of example, pursuant to Indiana Code § 34–58–2–1, if the trial court determines that an offender has filed at least three civil actions in which a state court has dismissed the action or a claim under Indiana Code § 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury. In determining whether three actions or claims have been dismissed, the trial court must necessarily look at matters outside the record such as the fact that a judicial record dismissing a case exists. In other ways, a dismissal made pursuant to Indiana Code § 34–58–1–2 is unlike a motion for summary judgment because at the time of the trial court's review of the complaint or petition, the defendant is not involved in the case, there is no opportunity for a hearing, and there is no record or designation of evidence.[3]

---

3. Because there is no designation of evidence by the parties, it is paramount that a trial court include in its order all of the evidence that it considered in making its determination. This will allow for our review.

■ It is within this framework that we must determine, for the first time, the standard of review for a dismissal made pursuant to Indiana Code § 34–58–1–2. Because the dismissal of an offender's claim, complaint, or petition pursuant to Indiana Code § 34–58–1–2 requires us to review legal conclusions, as we do in appeals of both motions to dismiss under Trial Rule 12(B) and motions for summary judgment, we employ a *de novo* standard of review.[4] Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition as well as the fact that a judicial record dismissing a case exists. Further, we determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *See* William F. Harvey, 1A *Indiana Practice, Rules of Procedure Annotated* § 12.9 at 312 (3d ed.1999). We now turn to Smith's complaint.

■ Smith's complaint alleges no facts concerning how the defendants violated his freedom of speech and access to courts and failed to establish policies to protect these rights. As quoted above, Smith makes only broad, legal conclusions. Although Indiana uses notice pleading, the plaintiff must still plead the operative facts involved in the litigation. *See Donahue v. St. Joseph County*, 720 N.E.2d 1236, 1239 (Ind.Ct.App.1999). Smith pled none. In addition, Smith's claim that the defendants are preventing him from pursuing civil litigation is undermined by the fact that Smith is pursuing this very lawsuit and, as noted below, several others. Consequently, Smith's claim is not a claim upon which relief may be granted.

■ We also address the restrictions the trial court placed upon Smith pursuant to Indiana Code § 34–58–2–1. In its order, the trial court listed three of Smith's civil actions, *not including this one*, that have been dismissed. *See supra* note 1. However, we are reversing one of those dismissals today in the case of *Smith v. Maximum Control Facility*, 850 N.E.2d 476, 478 (Ind.Ct.App., 2006). Nevertheless, this still leaves three of Smith's complaints and/or claims that have been dismissed.[5] Accordingly, we

---

4. We note that in 1995, Congress enacted the Prison Litigation Reform Act, which contains a statute that is similar to Indiana Code § 34–58–1–2. It specifically provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.A. § 1915A. Federal courts also review dismissals made pursuant to § 1915A *de novo. See, e.g., Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir.2003).

5. We acknowledge that we are partially reversing the dismissal of Smith's complaint in *Smith v. McKee*, 850 N.E.2d 471 (Ind.Ct.App., 2006). However, Indiana Code § 34–58–2–1 provides that if an offender has filed at least three civil actions in which a "state court has dismissed the action *or a claim* under IC 34–58–1–2" (emphasis added), the trial court may impose the restrictions. Because we are affirming the dismissal of one of Smith's claims in *Smith v. McKee* pursuant to Indiana

affirm the restrictions the trial court placed upon Smith pursuant to Indiana Code § 34–58–2–1. Therefore, Smith may not file a new complaint or petition unless a court determines that he is in immediate danger of serious bodily injury.

Affirmed.

ROBB, J., and MATHIAS, J., concur.

Code § 34–58–1–2, this dismissal still counts toward the requirement contained in Indiana

Code § 34–58–2–1.