Eric D. SMITH, Appellant–Plaintiff,

v.

P.B. McKEE, et al., Appellees–Defendants.

No. 46A03–0510–CV–487.

Court of Appeals of Indiana.

July 13, 2006.

---

Eric D. Smith, Westville, IN, pro se.

## OPINION

VAIDIK, Judge.

### Case Summary

Eric D. Smith, an inmate at Westville Correctional Center, appeals the trial court's dismissal of his complaint pursuant to Indiana Code § 34–58–1–2, which provides a screening procedure for offender litigation. We find that the trial court properly dismissed Smith's claims concerning the prison's disciplinary actions. However, we find that the trial court erroneously dismissed Smith's claims concerning excessive force used against him. We therefore affirm in part, reverse in part, and remand.

### Facts and Procedural History

On August 22, 2005, Smith, pro se, filed a Complaint in LaPorte Superior Court against P.B. McKee, Donna Southward, and two unnamed officers-all Indiana Department of Correction employees. Specifically, Smith's complaint alleged claims of retaliation and excessive force against these defendants for events that occurred while he was housed at the Indiana State Prison in Michigan City.

That same day, the LaPorte Superior Court dismissed Smith's complaint. Specifically, the trial court noted that Smith

in substance, claims that the defendants-correctional officers in their interaction with the plaintiff, were motivated by retaliation because of prior lawsuits filed by the plaintiff against each of them. The plaintiff claims that these defendants violated his rights and caused personal injury to him. He further asserts that the defendants planted contraband, such as knives, etc., causing him to have disciplinary problems. In conclusion, he alleges that the officers, while transporting him, assaulted him so as to cause injury. Plaintiff seeks damages alleging that his injuries were caused by the malicious and/or negligent conduct of violating his rights. Plaintiff seeks to have the trial court adjudicate these events and he asks for trial by jury. August 22, 2005, Order of the LaPorte Superior Court.[1] The court then found that "the facts, as alleged, do not present a claim upon which the plaintiff may proceed." *Id.* Accordingly, the court concluded that "pursuant to Indiana Code 34–58–1–2(a)(2), that plaintiff's claim lacks both a legal and factual basis"; therefore, it dismissed the complaint with prejudice. *Id.*

Smith, pro se, now appeals the dismissal of his complaint. Because the trial court dismissed Smith's complaint after conducting its review, there is no respondent and, therefore, no appellee. Accordingly, the Indiana Attorney General filed a notice of noninvolvement in this matter.

## Discussion and Decision

Smith contends that the trial court erred in dismissing his complaint. Indiana Code § 34–58–1–1 provides, "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." Section 2, in turn, provides in pertinent part:

(a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

(1) is frivolous;

---

1. Smith did not include a copy of this order in his brief or appendix. Indiana Appellate Rule 46(A)(10) provides that the Appellant's "brief shall include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal." And Appellate Rule 50(A)(2)(b) provides that the Appellant's appendix "shall contain" "the appealed judgment or order, including any written opinion, memorandum of decision, or findings of fact and conclusions thereon relating to the issues raised on appeal." Therefore, we issued a Writ of Certiorari to the trial court to obtain this order.

On a related note, on March 13, 2006, Smith filed with this Court a Verified Motion for Reversal of the Decision of the LaPorte County Court. In this motion, Smith alleged that because the trial court clerk had not yet filed the Notice of Completion of Clerk's Record, the clerk was in contempt; therefore, we should reverse the trial court's dismissal of his complaint as a sanction. We first note that the record shows that the Notice of Completion of Clerk's Record was filed on February 9, 2006—before Smith even filed this motion in this Court. Pursuant to Appellate Rule 10(C), the trial court clerk "shall serve a copy on the parties to advise them that the Clerks' Record has been assembled and is complete." The Notice of Completion of Clerk's Record in this case contains the following language: "I, Robert J. Behler Jr, have sent copies of this Notice and a certified copy of the Chronological Case Summary to all parties of record, and the Clerk of the Court of Appeals." Notice of Completion of Clerk's Record, Cause No. 46A03–0510–CV–487 (Ind.Ct.App. Feb. 9, 2006). The CCS, in turn, lists Smith's address as the Westville Correctional Center. It appears that all of the proper procedures were followed in this case, despite the fact that Smith alleges he never received the Notice of Completion of Clerk's Record. We therefore deny Smith's Verified Motion for Reversal of the Decision of the LaPorte County Court.

(2) is not a claim upon which relief may be granted; or

(3) seeks monetary relief from a defendant who is immune from liability for such relief.

(b) A claim is frivolous under subsection (a)(1) if the claim:

(1) is made primarily to harass a person; or

(2) lacks an arguable basis either in:

(A) law; or

(B) fact.

Ind.Code § 34–58–1–2. If a court determines that a claim may not proceed under section 2, "the court shall enter an order: (1) explaining why the claim may not proceed; and (2) stating whether there are any remaining claims in the complaint or petition that may proceed." Ind.Code § 34–58–1–3 (formatting omitted).

■ In reviewing the dismissal of an offender's claim, complaint, or dismissal pursuant to Indiana Code § 34–58–1–2, we employ a *de novo* standard of review. *Smith v. Huckins,* 850 N.E.2d 480, 484 (Ind.Ct.App., 2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition. *Id.* Further, we determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

■ On appeal, Smith first argues that the trial court dismissed his complaint without any explanation, in contravention of Indiana Code § 34–58–1–3. Specifically, Smith alleges that the "trial court simply dismissed the complaint, because it obviously had ulterior motives in doing so." Appellant's Br. p. 7. As discussed in footnote 1, it appears that Smith is making this argument because he did not have a copy of the trial court's August 22, 2005, Order dismissing his complaint at the time

he wrote his brief. This order makes clear that the trial court dismissed Smith's complaint pursuant to Indiana Code § 34–58–1–2(a)(2), because it found that the claim is not a claim upon which relief may be granted. Contrary to Smith's argument, the trial court was in compliance with Indiana Code § 34–58–1–3.

■ Smith next argues that assuming the trial court dismissed his complaint because it failed to state a claim upon which relief may be granted, which turned out to be the case, his complaint nevertheless states a claim upon which relief may be granted. In addressing this argument, we are guided by the Indiana Supreme Court's recent opinion in *Blanck v. Indiana Department of Corrections,* 829 N.E.2d 505 (Ind.2005). In *Blanck,* the defendant/inmate challenged the discipline imposed on him by the prison. Specifically, Blanck argued that several statutory sections entitled him to judicial review of determinations made by the Department of Correction. One of the sections Blanck cited was Indiana Code § 11–11–5–4, which provides that the Department of Correction may not take certain disciplinary actions, including, among other things, corporal punishment and restrictions on visitation except for abuse thereof. Our Supreme Court observed, "While each of these statutes imposes certain duties on the DOC and, we assume, confers substantive rights on inmates, none of them contains any provision suggesting that inmates have a right to enforce any such rights in court." *Blanck,* 829 N.E.2d at 509. Further, the court found "that the Legislature does not intend that inmates have a private right of action to enforce these statutes." *Id.* at 510. The court concluded

that the clear intent of the Legislature here is to deny to inmates charged with or found guilty of misconduct the proce-

dure specified in the AOPA, including judicial review. And with the intent of the Legislature on this point being clear, we are not free to infer a private right of action.

*Id.* The court therefore affirmed the dismissal of Blanck's complaint. *Id.* at 512.

After reviewing Smith's complaint, it is apparent that he is making several different claims, some of which involve the Department of Correction's disciplinary actions. For example, after contraband was found in Smith's cell, he was taken to a "Special Management Cell" and "prevented ... from receiving a visit ... with a friend[.]" Appellant's App. p. 7, 8. Smith also alleged that he was "unreasonably sanctioned to a year of disciplinary segregation[.]" *Id.* at 9. The trial court properly dismissed these and similar claims in accordance with *Blanck.*

■ However, Smith's complaint also contains an allegation that an officer "maliciously and/or negligently slammed [him] (while he was handcuffed behind his back) into the elevator wall, and maliciously and/or negligently punch[ed][him] in his lower back." *Id.* at 8. Smith's complaint further alleges that in a separate incident, two officers

maliciously and/or negligently walked [him] out of camera view by Central Office within the Indiana State Prison, and maliciously and/or negligently slamm[ed][him] into the brick wall and punch[ed] him in his lower back, stating they "were old school" and that they knew "how to hurt you without leaving marks[.]"

*Id.* at 9. As noted above, although Indiana Code § 11–11–5–4 provides that the Department of Correction cannot impose corporal punishment as a disciplinary action, a prisoner cannot enforce this right in court. However, we find that these allegations go above and beyond the infliction of corporal punishment as discipline and into the realm of excessive force. Accordingly, the trial court erred in dismissing these claims. We therefore remand this case with instructions for the trial court to reinstate Smith's claims alleging the use of excessive force against him.

We are issuing opinions in *Smith v. Huckins,* 850 N.E.2d 480 (Ind.Ct.App., 2006), *Smith v. Maximum Control Facility,* 850 N.E.2d 476 (Ind.Ct.App., 2006), and *Smith v. Carrasco,* 850 N.E.2d 468 (Ind.Ct. App., 2006), today as well. In *Smith v. Huckins,* we affirmed the restrictions the trial court placed upon Smith pursuant to Indiana Code § 34–58–2–1. Specifically, Indiana Code § 34–58–2–1 provides, "If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35–41–1–25)." Therefore, Smith may not file a new complaint or petition unless a court determines that he is in immediate danger of serious bodily injury.

Affirmed in part, reversed in part, and remanded.

ROBB, J., and MATHIAS, J., concur.