Eric D. SMITH, Appellant–Plaintiff,

v.

Ralph CARRASCO and David Miller, Appellees–Defendants.

No. 46A04–0602–CV–85.

Court of Appeals of Indiana.

July 13, 2006.

Eric D. Smith, Westville, IN, pro se.

## OPINION

VAIDIK, Judge.

### Case Summary

Eric D. Smith, an inmate at Westville Correctional Center, appeals the trial court's dismissal of his complaint pursuant to Indiana Code § 34–58–1–2, which provides a screening procedure for offender litigation. Because Smith's claim that the prison employees unconstitutionally prevented him from writing papers on anarchy is frivolous, we affirm the trial court.

### Facts and Procedural History

On May 19, 2005, Smith, pro se, filed a complaint in LaPorte Superior Court against Ralph Carrasco and David Miller—both Indiana Department of Correction employees. Specifically, in his complaint, Smith alleged that while incarcerated at the Indiana State Prison in Michigan City, he was writing a book called 'A' for Anarchy. As part of the book writing process, Smith submitted two papers—"Anarchist World Council Constitution" and "Doctrines of the Anarchist World Council"—to a correctional counselor at the prison. Smith wanted to have the papers notarized "for protection purposes." Appellant's App. p. 10. However, Miller intercepted these papers and forwarded them to Carrasco on grounds that they constituted a security threat. Carrasco refused to return the papers to Smith and told him that if he continued to write mate-

rial on this topic, the papers would be confiscated and he would be punished. Smith alleged that Carrasco's and Miller's actions were unreasonable, were "not justified by any legitimate correctional goal," and violated his state constitutional and statutory rights. Id. at 11. Smith also alleged that Carrasco and Miller were negligent. As a result, Smith sought monetary damages.

That same day, the LaPorte Superior Court dismissed Smith's complaint. Specifically, the trial court noted that Smith's

> complaint alleges that the action[s] take[n] by the Department of Correction violated constitutional and/or statutory rights. The decisions made by the Department of Correction[ ] concerning security interest[s] are matter[s] generally solely within their reasonable discretion. Here, the Court finds it very unlikely that the plaintiff's claims are meritorious.

Appellant's App. p. 18. The court then found that pursuant to Indiana Code § 34–58–1–2(a), "the claim set forth by Eric D. Smith is frivolous in that it lacks an arguable basis either in law or facts." Id. Accordingly, the court dismissed Smith's complaint.

Smith, pro se, now pursues this belated appeal. Because the trial court dismissed Smith's complaint after conducting its review, there is no respondent and, therefore, no appellee. Accordingly, the Indiana Attorney General filed a notice of non-involvement in this matter.

### Discussion and Decision

Smith contends that the trial court erred in dismissing his complaint pursuant to Indiana Code § 34–58–1–2.[1] Indiana Code § 34–58–1–1 provides, "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no

1. Indiana Code § 34–58–1–2 went into effect on July 1, 2004, and applies to causes of action filed after June 30, 2004. P.L. 80–2004.

further action until the court has conducted the review required by section 2 of this chapter." Section 2, in turn, provides in pertinent part:

> (a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:
>
> (1) is frivolous;
>
> (2) is not a claim upon which relief may be granted; or
>
> (3) seeks monetary relief from a defendant who is immune from liability for such relief.
>
> (b) A claim is frivolous under subsection (a)(1) if the claim:
>
> (1) is made primarily to harass a person; or
>
> (2) lacks an arguable basis either in:
>
> (A) law; or
>
> (B) fact.

Ind.Code § 34–58–1–2. If a court determines that a claim may not proceed under section 2, "the court shall enter an order: (1) explaining why the claim may not proceed; and (2) stating whether there are any remaining claims in the complaint or petition that may proceed." Ind.Code § 34–58–1–3 (formatting omitted).

In reviewing the dismissal of an offender's claim, complaint, or dismissal pursuant to Indiana Code § 34–58–1–2, we employ a *de novo* standard of review. *Smith v. Huckins,* 850 N.E.2d 480, 484 (Ind.Ct.App., 2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition. *Id.* Further, we determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

On appeal, Smith argues that his claim is not frivolous because it has an arguable basis in law and fact. Citing Article I, § 9 of the Indiana Constitution [2] and the seminal case of *Price v. State,* 622 N.E.2d 954 (Ind.1993), Smith asserts that the defendants have restricted his opportunity to engage in expressive activity. Because his speech was political, Smith's argument continues, the defendants must show that they did not materially burden his opportunity to engage in political expression. *See Whittington v. State,* 669 N.E.2d 1363, 1369 (Ind.1996). While prisoners do not forfeit all constitutional protections by reason of their conviction and confinement, *see Faver v. Bayh,* 689 N.E.2d 727, 730 (Ind.Ct.App.1997), Smith fails to realize that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Montgomery v. Ind. Dep't of Correction,* 794 N.E.2d 1124, 1127 (Ind.Ct.App.2003) (quotation omitted), *reh'g denied, trans. denied.* "Those considerations include deterrence of crime, rehabilitation of prisoners, and *institutional security." Id.* (emphasis added) (quotation omitted). Based on these principles, the Department of Correction is entitled to restrict a prisoner's privileges and rights in certain circumstances. *See Montgomery,* 794 N.E.2d at 1127. We find that this case is one of those circumstances.

The evidence shows that Smith was writing a book about anarchy and submitted papers about anarchy to an employee of the prison. Smith was then told that if he continued to write about anarchy, his papers would be confiscated and he would be punished. "Anarchy" is defined as "a

---

**2.** Specifically, Article I, § 9 provides, "No law shall be passed, restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print, freely, on any subject whatever: but for the abuse of that right, every person shall be responsible."

state of disorder due to absence or nonrecognition of authority" and "absence of government and absolute freedom of the individual, regarded as a political ideal." The New Oxford American Dictionary 55 (2001). Given the volatile topic of Smith's papers and the risks they pose to the security and order of a prison, the defendants did not materially burden Smith's right to engage in political expression. Consequently, Smith's claim does not have an arguable basis in law or fact and is therefore frivolous.[3]

We are issuing opinions in *Smith v. Huckins,* 850 N.E.2d 480 (Ind.Ct.App., 2006), *Smith v. Maximum Control Facility,* 850 N.E.2d 476 (Ind.Ct.App., 2006), and *Smith v. McKee,* 850 N.E.2d 471 (Ind.Ct. App., 2006), today as well. In *Smith v. Huckins,* we affirmed the restrictions the trial court placed upon Smith pursuant to Indiana Code § 34–58–2–1. Specifically, Indiana Code § 34–58–2–1 provides, "If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35–41–1–25)." Therefore, Smith may not file a new complaint or petition unless a court determines that he is in immediate danger of serious bodily injury.

Affirmed.

ROBB, J., and MATHIAS, J., concur.

---

**3.** Smith also asserts that he alleged a negligence claim in his complaint and that this claim is not frivolous. Specifically, in his complaint, Smith alleged that the defendants had a duty to obey the constitution and laws of the State of Indiana and to notarize his papers. Given Smith's limited privileges and rights in prison as well as the topic of his writings, this claim does not have an arguable basis in law or fact and is also frivolous.