Roy Austin SMITH, Appellant–
Plaintiff,

v.

**INDIANA DEPARTMENT OF
CORRECTIONS, Appellee–
Defendant.**

No. 77A05–0711–CV–602.

Court of Appeals of Indiana.

June 18, 2008.

Roy Austin Smith, Carlisle, IN, Appellant pro se.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Roy Smith, pro se, appeals from the trial court's order dismissing his complaint against the Indiana Department of Correction ("DOC"), the Indiana State Prison ("ISP"), the State of Indiana, and several employees of ISP, after conducting the inquiry required by Indiana Code chapter 34–58–1. Smith raises three issues, which we consolidate and restate as whether the trial court properly dismissed his complaint. Concluding that the trial court erred in dismissing Smith's complaint in its entirety, we reverse and remand.

*Facts and Procedural History*

In 2005 and 2006, Smith was incarcerated at ISP. Smith filed this lawsuit in 2007 based on two separate incidents in which

he claims his property was lost while he was incarcerated.

On July 8, 2005, Smith gave his hot pot to ISP officials to have it sent out of the prison. Prison officials informed Smith on July 25, 2005, that because he had no receipt for the hot pot, they would not send it out of the prison. Smith requested the return of his hot pot and was informed on September 18, 2005, that it could not be located. Smith completed a "Notice of Loss of Property—Tort Claim" form dated September 19, 2005 (the "2005 loss").

On August 1, 2006, Smith was transferred from ISP to the Wabash Valley Correctional Facility ("WVCF") for a short time because of extreme weather conditions. He was not allowed to take all of his belongings with him because it was a temporary transfer. On September 1, 2006, Smith was transferred back to ISP and discovered that many of his belongings, including legal documents and books he needed to litigate pending actions, had been taken from his cell and sent to ISP's property room. Smith's various attempts to recover his property were not resolved to his satisfaction, and he ultimately completed a "Notice of Loss of Property—Tort Claim" form dated February 22, 2007 (the "2006 loss").

Both tort claims were denied by the Attorney General. Smith then initiated this lawsuit in Sullivan Circuit Court, detailing in his complaint the circumstances of the two losses and the steps he took to resolve them, and requesting return of his property or compensatory and punitive damages. The trial court reviewed Smith's complaint pursuant to Indiana Code chapter 34–58–1 and issued the following order dismissing the complaint:

Pursuant to I.C. 34–58–1–1, this Court has examined [Smith's] Complaint and determined, pursuant to I.C. 34–58–1–2, that the claim is frivolous in that it may not have an arguable basis in the law and may not state a claim upon which relief may be granted for the following reasons:

1. [Smith] has failed to provide proof of compliance with the Indiana Tort Claims Act pursuant to I.C. 34–13–3–7 before filing his pleadings with the Court. In fact, it appears he is requesting to file his Notice of Tort Claim with the Court rather than in accordance with I.C. 34–13–3–7.

2. Further, the Court finds [Smith] has failed to allege facts sufficient to prosecute this action against several of the Defendants named in his NOTICE OF CLAIM pursuant to I.C. 34–13–3–5(c).

3. [Smith] has requested punitive damages in a sum that are [sic] not recoverable in this type of action.

Appellant's Appendix at 3. Smith now appeals. Additional facts will be provided as necessary.

### Discussion and Decision [1]

 Indiana Code section 34–58–1–2 provides that

[a] court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim: (1) is frivolous; ... (b) A claim is frivolous under subsection (a)(1) if the claim: ... (2) lacks an arguable basis either in: (A) law; or (B) fact.

---

1. The Indiana Attorney General filed a "Notice of Non–Involvement" in this case on behalf of himself and the DOC because the complaint was screened by the trial court and dismissed before service was made on the defendants.

In reviewing the dismissal of an offender's complaint pursuant to section 34–58–1–2, we employ a de novo standard of review. *Smith v. Huckins,* 850 N.E.2d 480, 484 (Ind.Ct.App.2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition. *Id.* Further, we determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*[2]

Smith's complaint lays out the facts of his property loss and the administrative steps he took to resolve the loss. Smith's complaint requests recovery of his property or, in the alternative, an award of compensatory damages. His complaint also seeks the imposition of punitive damages "in order to dissuade and deter the defendants from resorting to low and unethical tactics such as confiscating and misplacing legal material in order to prevent plaintiff from succeeding on his legitimate claims." Appellant's App. at 8. His complaint was dismissed because of lack of proof of compliance with the Indiana Tort Claims Act, because persons who are not subject to suit were named as defendants, and because punitive damages are not allowed in a suit against the government.

■ The Indiana Tort Claims Act governs tort claims against governmental entities and public employees. Ind.Code §§ 34–13–3 *et seq.; Brown v. Alexander,* 876 N.E.2d 376, 380 (Ind.Ct.App.2007), *trans. denied.* The Act places limitations on the State's liability by barring a potential plaintiff's suit unless he or she complies with the Act's provisions. *Brown,* 876 N.E.2d at 380. Indiana Code section 34–13–3–7 applies to Smith's lawsuit:

(a) An offender must file an administrative claim with the department of correction to recover compensation for the loss of the offender's personal property alleged to have occurred during the offender's confinement as a result of an act or omission of the department or any of its agents, former officers, employees, or contractors. A claim must be filed within one hundred eighty (180) days after the date of the alleged loss.

(b) The department of correction shall evaluate each claim filed under subsection (a) and determine the amount due, if any. If the amount due is not more than five thousand dollars ($5,000), the department shall approve the claim for payment and recommend to the office of the attorney general payment under subsection (c). The department shall submit all claims in which the amount due exceeds five thousand dollars ($5,000), with any recommendation the department considers appropriate, to the office of the attorney general. The attorney general, in acting upon the claim, shall consider recommendations of the department to determine whether to deny the claim or recommend the claim to the governor for approval of payment.

■ Smith alleged losses occurring on July 8, 2005, and September 1, 2006. His

**2.** We note that section 34–58–1–2 is akin to a legislative interpretation of Trial Rule 12(B)(6). In civil cases, judges have long had the authority to consider a case in its early stages and, taking everything the plaintiff has alleged as true, determine whether it can proceed. *See, e.g., Meyers v. Meyers,* 861 N.E.2d 704, 706 (Ind.2007) ("In ruling on such a motion to dismiss, 'a court is required to take as true all allegations upon the face of the complaint and may only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint.'") (quoting *Huffman v. Office of Envtl. Adjudication,* 811 N.E.2d 806, 814 (Ind.2004)). Section 34–58–1–2 provides the same authority, but provides such authority in civil cases involving prisoners acting pro se without requiring a motion by the defendant to trigger the determination.

complaint alleges that he filed a notice of loss of property claim with respect to the 2005 loss on September 19, 2005, and a notice of loss of property claim with respect to the 2006 loss on February 22, 2007. Two notice of loss of property claim forms, one dated September 19, 2005, and one dated February 22, 2007, were attached as exhibits to the complaint.[3] Taking Smith's allegations as true at this stage, the complaint shows that Smith filed an administrative claim with the DOC within 180 days of each alleged loss as required by section 34–13–3–7. The Attorney General's office informed him in each case that his claim was denied.[4] *See* Ind. Code § 34–43–3–11 ("Within ninety (90) days of the filing of a claim, the governmental entity shall notify the claimant in writing of its approval or denial of the claim. A claim is denied if the governmental entity fails to approve the claim in its entirety within ninety (90) days, unless the parties have reached a settlement before the expiration of that period."). After receiving notice that his claims were denied, Smith initiated this lawsuit. *See* Ind.Code § 34–43–3–13 ("A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part."). At this stage of the proceedings, Smith has alleged sufficient facts to show compliance with the notice and timeliness requirements of the Tort Claims Act. The trial court erred in determining that his complaint could not go forward for failure to prove compliance with the Tort Claims Act.[5]

 The trial court also found that Smith "has failed to allege facts sufficient to prosecute this action against *several* of the Defendants...." Appellant's App. at 3 (emphasis added). In addition to DOC, ISP, and the State of Indiana, Smith names certain public employees as individual defendants. Indiana Code section 34–13–3–5(c) provides that a suit "filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Smith's complaint does not allege any of the foregoing acts or omissions against any of the individual defendants. The trial court was therefore correct in stating that Smith's claims

3. The claim form dated September 19, 2005, is marked with a "Received" stamp dated September 30, 2005, although the entity receiving the form is illegible. *See* Appellant's App. at 36. Pursuant to this court's request for clarification, Smith filed an "Answer and Notice Pursuant to Court's Order" in which he states that he mailed the claim form to the facility head of ISP, the Indiana Tort Claims Administrator, and the Attorney General's office. Smith believes the form was returned to him with the "Received" stamp from the Attorney General's office. In any case, the date-stamped claim form is some evidence that Smith did send the claim form within 180 days of the 2005 loss.

4. Smith attached as an exhibit to his complaint a letter from the Attorney General dated August 2, 2006, denying his claim for the 2005 loss. *See* Appellant's App. at 37. In his

"Answer and Notice Pursuant to Court's Order," Smith attached a letter from the DOC dated August 8, 2007, and a letter from the Attorney General dated October 16, 2007, both of which reference the 2006 loss. *See* Appellant's Answer and Notice at Exhibit N, Exhibit R. None of these letters indicates that the claims are denied or cannot proceed because they are untimely.

5. The trial court's statement that "it appears [Smith] is requesting to file his Notice of Tort Claim with the Court rather than in accordance with I.C. 34–13–3–7," seems to stem from the fact that Smith titled his complaint "Notice of Claim." *See* Appellant's App. at 5. It appears, however, that Smith merely mistitled his complaint, as he alleges therein that he has already filed a notice of claim with the appropriate authorities.

against the individual defendants cannot proceed for lack of basis in fact. However, Indiana Code section 34–58–1–3 says an order dismissing a claim at the screening stage for offender litigation must state whether there are any remaining claims in the complaint that may proceed. That Smith's claims against the individual defendants cannot proceed for lack of a factual basis supporting such claims does not necessarily mean that his claims against the governmental entities also named as defendants cannot proceed. The trial court's order, in stating that Smith's claims are insufficient as against several, but not all, of the defendants, seems to acknowledge the distinction, and yet does not comply with section 34–58–1–3 by stating which of Smith's claims against which defendants may proceed.

■ Finally, the trial court found that Smith requested punitive damages that "are not recoverable in this type of action." Appellant's App. at 3. Indiana Code section 34–13–3–4(b) provides that a "governmental entity ... is not liable for punitive damages." However, Smith's complaint also seeks recovery of his property or compensatory damages. Again, Indiana Code section 34–58–1–3 provides that the trial court must state whether there are any claims that may proceed. That Smith's punitive damages claim may not proceed does not subject his entire complaint to dismissal.

### Conclusion

Although some of Smith's claims against some of the named defendants may fail to state a claim upon which relief may be granted, we can discern no basis on which to dismiss the complaint in its entirety. We therefore reverse the trial court's order dismissing Smith's complaint and remand with instructions for the trial court to comply with Indiana Code section 34–58–1–3 and issue a new order stating which claims may and which claims may not proceed.

Reversed and remanded.

FRIEDLANDER, J., and MATHIAS, J., concur.