**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**KENNETH WILLIS GIBBS-EL**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 23 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KENNETH WILLIS GIBBS-EL | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )   No. 49A02-1107-CT-747 |
| | ) |
| ARTHUR HEGEWALD, | ) |
| | ) |
| Appellee. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable S.K. Reid, Judge
Cause No. 49D14-1008-CT-37708

**February 23, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Kenneth Willis Gibbs-El ("Gibbs-El") appeals pro se the Marion Superior Court's dismissal of his complaint against Arthur Hegewald, a former employee of the Indiana Department of Correction. Gibbs-El's numerous pleadings filed in this case arise from the Indiana Parole Board's decision to revoke his parole. Concluding that review of the Parole Board's revocation of Gibbs-El's parole was adjudicated in a prior proceeding, we affirm the trial court's dismissal of this case.

**Facts and Procedural History**

In 1984, Gibbs-El (formerly Kenneth Willis Gibbs) was convicted in Floyd Superior Court of Class A felony attempted murder and ordered to serve fifty years in the Indiana Department of Correction. He was paroled in 2006 and his parole was transferred from Indiana to Kentucky. But on June 18, 2007, a parole violation warrant was issued, and on July 11, 2007, Gibbs-El waived extradition. The Indiana Parole Board held a hearing on the alleged parole violations on September 7, 2007, at which Gibbs-El pleaded not guilty to violating his parole. After the hearing, the Parole Board revoked Gibbs-El's parole, and Gibbs-El remains incarcerated in the Miami Correctional Facility.

On August 4, 2010, Gibbs-El filed a pro se petition for writ of habeas corpus in Miami Circuit Court alleging that he was entitled to immediate release because his parole was unlawfully revoked. Appellant's App. p. 150. The Miami Circuit Court denied his petition after concluding that his parole revocation hearing was held within sixty days after Gibbs-El was made available to "the department by a jail or state correctional facility." Id. at 151; Ind. Code § 11-13-3-10. Gibbs-El did not appeal this ruling.

2

On August 26, 2010, Gibbs-El filed in Marion Superior Court a pro se Plenary Suit for Damages against Hegewald, which alleged that Hegewald violated his "civil right to remain at liberty, which arose out of his incarceration for the civil offense for improperly revoking his parole[.]" Appellant's App. p. 44. Specifically, Gibbs-El claimed that the Parole Board did not properly revoke his parole because his revocation hearing was not held in a timely manner and the extradition procedures were not properly followed.

Gibbs-El also requested a preliminary injunction enjoining Hegewald from denying Gibbs-El his "constitutional liberty interest which he is entitled within the protection of the Fourteenth Amendment[.]" Id. at 129. In that motion, Gibbs-El once again argued that his parole revocation should have been dismissed because the hearing was not held within the time limits established by Indiana Code section 11-13-3-10.

On July 6, 2011, the Marion Superior Court issued an order dismissing Gibbs-El's case after reviewing the litigation under the parameters of Indiana Code section 34-58-1-2. After noting that Gibbs-El's pleadings in this case were based on his claim that his September 7, 2007 parole revocation hearing was untimely under Indiana Code section 11-13-3-10, the trial court dismissed the case. In its order, the court observed that the Miami Circuit Court had previously entered a judgment addressing the timeliness of Gibbs-El's parole revocation hearing. Therefore, the trial court concluded that Gibbs-El's claim "in this case is frivolous, is not a claim upon which relief can be granted, lacks

3

an arguable basis in law and must be and is hereby" dismissed.[1]  Id. at 177.  Gibbs-El

now appeals the trial court's dismissal of his case.[2]

## Standard of Review

Pursuant to Indiana Code section 34-58-1-2, an offender's claim may not proceed

if the court determines it "is frivolous; is not a claim upon which relief may be granted;

or seeks monetary relief from a defendant who is immune from liability for such relief."

If the court determines that a claim may not proceed, it must enter an order explaining

why the claim may not proceed and stating whether there remain any claims in the

complaint that may proceed.  Ind. Code § 34-58-1-3.  We review such determinations de

novo.  Smith v. Huckins, 850 N.E.2d 480, 484 (Ind. Ct. App. 2006).

## Discussion and Decision

As the trial court correctly determined, at the crux of Gibbs-El's motions and

petitions filed in this case is his claim that the Indiana Parole Board did not hold his

parole revocation hearing in a timely manner as required by Indiana Code section 11-13-

3-10.  In response, the State argues that Gibbs-El is collaterally estopped from litigating

this issue because the issue was previously adjudicated in the Miami Circuit Court.

---

[1] Throughout the Marion Superior Court proceedings, the parties also litigated whether Hegewald was served certain pleadings and whether Hegewald, who had retired from the Department of Correction, could afford Gibbs-El any relief.  Hegewald was the only defendant named in this case.

[2] In a recent memorandum decision of our court, we admonished Gibbs-El for listing himself as an attorney on his appellate brief and appendix.  Specifically, we cautioned him that "in future pro se legal endeavors, he should avoid making the false representation or creating the false impression that he is an attorney."  Gibbs v. Ind. Parole Board, No. 52A04-1106-MI-378 (Ind. Ct. App. January 25, 2012).  We reiterate that admonishment because Gibbs-El has also represented himself as an attorney in this appeal.

4

> Issue preclusion, or collateral estoppel, bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. Where collateral estoppel is applicable, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. Collateral estoppel does not extend to matters that were not expressly adjudicated and can be inferred only by argument. In determining whether to allow the use of collateral estoppel, the trial court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue, and (2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case.

Edwards v. State, 862 N.E.2d 1254, 1259 (Ind. Ct. App. 2007), trans. denied (internal citations omitted).

The issue of whether Gibbs-El's parole hearing was held in a timely manner as required by Indiana Code section 11-13-3-10 was expressly determined by the Miami Circuit Court in its October 5, 2010 order. That court properly determined that his parole hearing, held on September 7, 2007, was held within sixty days of July 11, 2007, the date that Gibbs-El waived extradition. See Appellant's App. p. 151. And there is nothing in the record before us that would lead us to conclude that Gibbs-El did not have a "full and fair opportunity to litigate the issue" in the prior Miami Circuit Court proceedings. See Edwards, 862 N.E.2d at 1259.

For these reasons, Gibbs-El is collaterally estopped from raising his claim that his parole should not have been revoked because of the alleged untimeliness of his parole revocation hearing. And his case was properly dismissed because his requests for

5

monetary and injunctive relief arise solely from that claim.[3] Finally, Gibbs-El's continued attempts to relitigate this issue are frivolous; therefore, the trial court did not err when it dismissed his case pursuant to Indiana Code chapter 34-58-1.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.

---

[3] Gibbs-El raises numerous procedural and substantive issues in his brief which we need not specifically address because we have determined that he is collaterally estopped from raising the ultimate issue of the timeliness of his parole revocation hearing.