## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2016, 8:23 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Larry A. Jones
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry A. Jones,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>John P. Brinson,<br>*Appellee-Defendant* | February 9, 2016<br><br>Court of Appeals Case No.<br>82A01-1508-CT-1229<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable David Kiely<br><br>Trial Court Cause No.<br>82C01-1506-CT-2816 |

**Vaidik, Chief Judge.**

# Case Summary

Larry Jones filed a malpractice complaint against his attorney in small claims court. His case was dismissed by the small claims court and he appealed. While the small claims case was pending on appeal, Jones filed a second malpractice complaint for the same cause of action in the circuit court. The circuit court reviewed Jones's second complaint as required by Indiana Code section 34-58-1-1, and dismissed it for two reasons: 1) Jones failed to state a claim upon which relief can be granted; and 2) Jones's small claims case was pending appeal. Jones appeals the dismissal of his circuit court complaint. Where a plaintiff has failed to plead the operative facts underlying the complaint, the complaint is properly dismissed with prejudice under Indiana Code section 34-58-1-2. Moreover, where a plaintiff has filed the same case in more than one court, Trial Rule 12(B)(8) provides for dismissal of the second case. We therefore affirm the circuit court's decision to dismiss Jones's complaint.

# Facts and Procedural History

Larry Jones was charged with Class A felony dealing in cocaine and Class B felony possession of a firearm by a serious violent felon in May 2011. Attorney John P. Brinson represented Jones in this matter. A dispute arose between Jones and Attorney Brinson over whether the two counts should be tried separately. Attorney Brinson moved to sever the counts, despite Jones's

ongoing objection. *See* Appellant's App. p. 74. Ultimately, Jones was convicted of both counts.

[3]     On January 16, 2015, Jones initiated a malpractice action against Attorney Brinson in small claims court. The case was dismissed without prejudice from small claims court on April 20, 2015, because Jones did not appear for the hearing. On May 19, 2015, Jones filed an appeal of the small claims court's decision.

[4]     On June 8, 2015, while the appeal of the small claims court case was still pending, Jones filed the present case, cause number 82C01-1506-CT-2816 ("CT-2816"), in Vanderburgh County Circuit Court. The circuit court reviewed CT-2816, as required by statute, and concluded that the case could not proceed. Specifically, the court found "that Plaintiff has already sued Mr. Brinson in Small Claims Court for what Plaintiff acknowledged was regarding this matter. An appeal is currently pending in the small claims case." The circuit court also found "that Plaintiff's allegations are very general and not specific enough to state a claim upon which relief could be granted." Accordingly, the circuit court dismissed CT-2816 on June 16.

[5]     On July 6, Jones attempted to initiate another suit for the same matter in the circuit court. The circuit court filed the complaint under the previous cause number, CT-2816, and affirmed its earlier dismissal.

[6]     Two days later, on July 8, Jones attempted to withdraw his appeal of the original small claims suit. However, the withdrawal was never filed because

the notice was faulty. Therefore, the small claims case remained pending until September 16, when it was dismissed by this Court because Jones failed to timely file an appellant brief. Finally, Jones filed the present appeal of the circuit court's dismissal of CT-2816 on August 11.

# Discussion and Decision

[7] At the outset, we note that a litigant who proceeds pro se is held to the same rules of procedure as trained counsel. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*. One of the risks a litigant takes when he decides to proceed pro se is that he will not know how to accomplish all of the things an attorney would know how to accomplish. *Id.*

[8] Jones contends that the circuit court erred by dismissing his complaint pursuant to Indiana Code section 34-58-1-2. Indiana Code section 34-58-1-1 provides that "[u]pon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." In essence, the trial court conducts a *sua sponte* review of an offender's complaint promptly upon filing, before the defendant even has an opportunity to become involved in the case, so that the defendant does not have to expend time and money on a frivolous case. *Smith v. Wal-Mart Stores E., LP*, 853 N.E.2d 478, 482 (Ind. Ct. App. 2006), *trans. denied*.

[9] Indiana Code section 34-58-1-2, in turn, provides in pertinent part:

(a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

> (1) is frivolous;
> (2) is not a claim upon which relief may be granted; or
> (3) seeks monetary relief from a defendant who is immune from liability for such relief.

(b) A claim is frivolous under subsection (a)(1) if the claim:

> (1) is made primarily to harass a person; or
> (2) lacks an arguable basis either in:
> > (A) law; or
> > (B) fact.

Ind. Code § 34-58-1-2.

[10] If a court determines that a claim may not proceed under Section 2, the court must enter an order explaining why the claim may not proceed and stating whether there are any remaining claims in the complaint or petition that may proceed. Ind. Code § 34-58-1-3. We review a dismissal under Section 34-58-1-2 de novo. *Smith v. Huckins*, 850 N.E.2d 480, 484 (Ind. Ct. App. 2006).

[11] Here, the circuit court stated two reasons for dismissing CT-2816: 1) Jones failed to state a specific claim upon which relief could be granted; and 2) the complaint violates Trial Rule 12(B)(8). We begin by addressing the finding that the complaint failed to state a claim upon which relief could be granted. Like the trial court, we look to the well-pleaded facts contained in the complaint, as well as the fact that a judicial record dismissing a case exists. *Smith v. Huckins*,

850 N.E.2d at 484. Further, we determine whether the complaint contains allegations concerning all of the material elements necessary to sustain a recovery under a viable legal theory. *Id.*

[12] In the initial complaint Jones filed with the circuit court, Jones alleged no facts concerning how Attorney Brinson committed malpractice. Rather, Jones made only broad statements that amount to legal conclusions. For example, "performance was deficient, constituting 'legal malpractice,' causing Plaintiff to be unfairly convicted at trial[.]" Appellant's App. p. 7. Indiana uses notice pleading, but "the plaintiff must still plead the operative facts involved in the litigation." *Smith v. Donahue*, 907 N.E.2d at 555. Jones pleaded none, therefore his claim was properly dismissed.[1]

[13] Jones argues that he corrected the error by pleading sufficient detail in his filing on July 6. However "a dismissal made pursuant to Indiana Code § 34-58-1-2 is with prejudice." *Smith v. Huckins*, 850 N.E.2d 480, 483 (Ind. Ct. App. 2006). Procedurally, the complaint cannot be amended and any subsequent complaint on the same issue is barred by res judicata. *See id.* "To allow amendment after dismissal would be counterproductive to the legislative intent of cutting off meritless or frivolous lawsuits." *Id.* Instead, Jones's remedy was an appeal of

---

[1] Jones attempted to designate his petition for post-conviction relief and the trial record as providing the factual basis for the complaint, however neither document was attached to the complaint. Moreover, this was not a motion for summary judgment where a review of designated evidence would be appropriate.

the first order by the circuit court. However, the time for that appeal lapsed on July 16, and Jones did not file notice of this appeal until August 11.

[14] The circuit court also dismissed Jones's complaint because the same action was pending appeal from the small claims court. Indiana Trial Rule 12(B)(8) provides for dismissal of an action where the same action is pending in another state court. *Centex Home Equity Corp. v. Robinson*, 776 N.E.2d 935, 945 (Ind. Ct. App. 2002), *trans. denied*. The rule is intended to prevent two courts from simultaneously exercising jurisdiction over what amounts to the same case. *Kozlowski v. Dordieski*, 849 N.E.2d 535, 537 (Ind. 2006). Cases are the same "if the parties, subject matter, and remedies sought are substantially the same in both suits." *Id.*

[15] Here, Jones had the same malpractice case pending appeal from the small claims court when he filed his complaint in circuit court. The appeal from the initial small claims suit was not dismissed until September 16. Therefore, even if Jones had stated a claim upon which the court could grant relief, it would have been subject to dismissal under Trial Rule 12(B)(8).

[16] We conclude that CT-2816 was properly dismissed under Indiana Code section 34-58-1-1 through -3.

[17] Affirmed.

Bailey, J., and Crone, J., concur.