Eric D. SMITH, Appellant–Defendant,

v.

J. David DONAHUE, Ed Buss, Craig Hanks, and Stanley Knight, Appellees–Plaintiffs.

No. 46A03–0712–CV–571.

Court of Appeals of Indiana.

June 4, 2009.

---

Eric D. Smith, New Castle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Indianapolis, IN, Elizabeth Rogers, Deputy Attorney General Indianapolis, IN, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Eric D. Smith, an inmate at New Castle Correctional Facility, appeals the trial court's dismissal of his complaint pursuant to Indiana Code section 34–58–1–2, which provides a screening procedure for offender litigation. We affirm.

The sole issue for our review is whether the trial court erred in dismissing Smith's complaint.

On September 14, 2007, Smith, pro se, filed a complaint for damages against DOC Commissioner J. David Donahue; Indiana State Prison Superintendent Ed Buss; New Castle Correctional Facility Superintendent Craig Hanks; Pendleton Correctional Facility Superintendent Stanley Knight; and DOC employees John and/or Jane Doe. Smith's complaint alleged that the defendants acted maliciously and with deliberate indifference when they handled his personal property, thereby denying him the rights guaranteed by the First and Fourteenth Amendments to the United States Constitution. Smith also alleged that the defendants committed the criminal acts of theft, criminal mischief, and conversion.

The trial court dismissed Smith's complaint under the Three Strikes Law. *See* Ind.Code § 34–58–2–1. In October 2007, Smith filed a notice of appeal. In April 2008, the Indiana Supreme Court held that the Three Strikes law was unconstitutional because it violated the Open Courts Clause of the Indiana Constitution. *See Smith v. Indiana Department of Correction*, 883 N.E.2d 802, 805–06 (Ind.2008). In August 2008, this Court remanded Smith's appeal

to the trial court for a determination whether the complaint should be dismissed under the Frivolous Claim Law. *See* Ind. Code § 34–58–1–2. In September 2008, the trial court determined that Smith's complaint was frivolous as contemplated by the statute and dismissed it. Smith appeals pro se.

■■■ At the outset we note that a litigant who proceeds pro se is held to the same established rules of procedure that trained counsel is bound to follows. *Hill v. State,* 773 N.E.2d 336, 346 (Ind.Ct.App. 2002). One of the risks that a defendant takes when he decides to proceed pro se is that he will not know how to accomplish all of the things that an attorney would know how to accomplish. *Id.*

■■■ We now proceed to the merits of the appeal. Smith contends that the trial court erred in dismissing his complaint pursuant to Indiana Code section 34–58–1–2. Indiana Code section 34–58–1–1 provides, "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." Section 2, in turn, provides in pertinent part:

(a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

  (1) is frivolous;

  (2) is not a claim upon which relief may be granted; or

  (3) seeks monetary relief from a defendant who is immune from liability for such relief.

(b) A claim is frivolous under subsection (a)(1) if the claim:

  (1) is made primarily to harass a person; or

  (2) lacks an arguable basis either in:

    (A) law; or

    (B) fact.

Ind.Code § 34–58–1–2. If a court determines that a claim may not proceed under section 2, "the court shall enter an order: (1) explaining why the claim may not proceed; and (2) stating whether there are any remaining claims in the complaint or petition that may proceed." Ind.Code § 34–58–1–3.

■■■ In reviewing the dismissal of an offender's claim, complaint, or dismissal pursuant to Indiana Code section 34–58–1–2, we employ a de novo standard of review. *Smith v. Huckins,* 850 N.E.2d 480, 484 (Ind.Ct.App.2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition. *Id.* Further, we determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

■■■ Here, Smith's complaint alleges no facts concerning how the defendants acted maliciously and with deliberate indifference when they handled his person property, thereby denying him the rights guaranteed by the First and Fourteenth Amendments of the United States Constitution. Further, the complaint alleges no facts concerning how the defendants committed criminal acts. Rather, Smith makes only broad statements amounting to legal conclusions. Although Indiana uses notice pleading, the plaintiff must still plead the operative facts involved in the litigation. *See Donahue v. St. Joseph County,* 720 N.E.2d 1236, 1239 (Ind.Ct. App.1999). Smith pleaded none. Smith's claims are frivolous, lack an arguable basis in fact and law, and are not claims upon which relief may be granted. *See* Ind.

Code § 34–58–1–2. The trial court did not err in dismissing Smith's complaint.

Affirmed.

BAKER, C.J., and RILEY, J., concur.