## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 20 2015, 10:12 am
CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Spencer Norvell
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Spencer Robert Norvell, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | March 20, 2015 <br><br> Court of Appeals Case No. 18A05-1403-PC-138 <br><br> Appeal from the Delaware Circuit Court; The Honorable Jay L. Toney, Special Judge; 18C03-1109-PC-5 |

**May, Judge.**

[1] Spencer Norvell appeals the denial of his Petition for Post-Conviction Relief. As neither Norvell's trial nor appellate counsel was ineffective, we find no error.

[2] We affirm.

## Facts and Procedural History

[3] On November 8, 2004, Norvell sold cocaine to Christopher Phillips, a confidential informant. The State charged Norvell with Class A felony dealing in cocaine and Class B felony possession of cocaine.

[4] Norvell's jury trial began on July 18, 2005. After Phillips testified, a juror discovered he knew Phillips from previous employment. The juror was excused, and an alternate was appointed. Norvell moved to subpoena the excused juror because the juror indicated he could testify regarding Phillip's veracity. The trial court granted the State's motion to quash the subpoena. The jury found Norvell guilty as charged. We affirmed Norvell's convictions and sentence. *Norvell v. State*, 18A02-0508-CR-819 (Ind. Ct. App., September 26, 2006).

[5] Norvell sought post-conviction relief and the post-conviction court denied his petition and his motion to correct error.

## Discussion and Decision

[6] We first note Norvell proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*,

907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[7] Post-conviction proceedings provide defendants with the opportunity to raise issues that were not available on direct appeal[1] or were not known at the time of the trial. *State v. Hernandez*, 910 N.E.2d 213, 216 (Ind. 2009). Claims available, but not presented, on direct appeal are not available for post-conviction review. *Id.* Thus, not all issues are available in a post-conviction proceeding; challenges to convictions must be based on grounds enumerated in the post-conviction rules. *Id.*; Post-Conviction Rule 1(1). A petitioner for post-conviction relief cannot avoid application of the waiver doctrine by asserting fundamental error. *Id.* Rather, complaints that something went awry at trial are generally

---

[1] Norvell claims trial counsel was ineffective because he did not challenge the trial court's denial of Norvell's request to call the excused juror. As that issue was decided as part of his direct appeal, it is unavailable to Norvell in post-conviction proceedings. *See Norvell*, *slip op*. at 9-10 (trial court did not abuse its discretion when it quashed Norvell's subpoena to call an excused juror because the juror would not have been permitted to testify pursuant to Ind. Evidence Rule 606(a)).

Nor was Norvell prejudiced by the exclusion of the excused juror as a witness. The juror's testimony regarding Phillips' truthfulness would have been cumulative, as the State elicited testimony from Phillips regarding his conviction of a crime of dishonesty and his addiction to drugs. *See McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (post-conviction petitioner must demonstrate prejudice resulting from trial counsel's ineffectiveness), *reh'g denied*.

cognizable only when they demonstrate deprivation of the right to effective counsel or were demonstrably unavailable at the time of trial or direct appeal. *Id*.

### 1. Ineffective Assistance of Trial Counsel

A successful claim of ineffective assistance of trial counsel must satisfy two components. First, the defendant must show deficient performance - representation that fell below an objective standard of reasonableness involving errors so serious that the defendant did not have the counsel guaranteed by the Sixth Amendment. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002), *reh'g denied*. Second, the defendant must show prejudice - a reasonable probability (*i.e.,* a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *Id*.

### A. Alleged Alibi Witness

Norvell argues trial counsel was ineffective because counsel did not investigate or call to testify Stephen Gholar, whom Norvell contends was an additional alibi witness. Establishing ineffective assistance of counsel for failure to investigate requires "going beyond the trial record to show what the investigation, if undertaken, would have been produced." *Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998), *reh'g denied*, *cert. denied sub nom. Woods v. Indiana*, 528 U.S. 861 (1999). This is necessary to demonstrate prejudice from trial counsel's actions by showing the failure to investigate could have had a reasonable probability of affecting the result of the defendant's trial. *Id*.

Norvell has not demonstrated Gholar's testimony would have affected the outcome of Norvell's trial. Norvell called Gholar as a witness during the post-conviction hearing, but he asked Gholar only whether his trial counsel contacted Gholar. As Norvell did not elicit information regarding what Gholar's testimony would have been, Norvell did not show Gholar's testimony would have changed the outcome of his trial. Norvell has not demonstrated counsel was ineffective for failing to identify, investigate, or call Gholar as an alibi witness.

### B.  Objection to Alleged Prosecutorial Misconduct

In his petition for post-conviction relief and during the post-conviction hearing, Norvell argued his trial counsel was ineffective because he did not object when the prosecutor vouched for the truthfulness of a State's witness. However, on appeal, Norvell argues his trial counsel was ineffective because he did not object to alleged prosecutorial misconduct involving "exhibit #20," (Br. of Appellant at 27), which was a document allegedly containing a statement from Norvell's father. Norvell cannot state a claim on appeal that he did not state in his post-conviction petition, and thus his claim of ineffective assistance of counsel based on his assertion that his trial counsel failed to object to alleged prosecutorial misconduct is waived. *See Allen v. State*, 749 N.E.2d 1159, 1171 (Ind. 2001), *reh'g denied*, *cert. denied sub nom. Allen v. Indiana*, 535 U.S. 1061 (2002).

## 2.       *Ineffective Assistance of Appellate Counsel*

Claims of ineffective assistance of appellate counsel are reviewed using the same standard as claims of ineffective assistance of trial counsel. *Taylor v. State*, 717 N.E.2d 90, 94 (Ind. 1999). These claims generally fall into three categories: (1) denying access to appeal; (2) waiver of issues; and (3) failure to present issues well. *Bieghler v. State,* 690 N.E.2d 188, 193-95 (Ind. 1997), *cert. denied sub nom. Bieghler v. Indiana*, 525 U.S. 1021 (1998). Relief is appropriate only when we are confident we would have ruled differently. *Id*. at 196.

### A.       *Challenge to Decision to Quash Subpoena*

Norvell argues his appellate counsel was ineffective for choosing not to raise a constitutional challenge to the trial court's decision to quash the subpoena of the former juror. However, Norvell's trial counsel did not present a constitutional argument, and Norvell's appellate counsel would not have been successful in advancing on appeal an argument not made before the trial court. *See Taylor v. State*, 710 N.E.2d 921, 923 (Ind. 1999) (appellant is limited to the specific grounds asserted before the trial court regarding an issue and cannot raise new arguments on appeal).

We would not have ruled differently if Norvell's appellate counsel had made such a constitutional argument, and Norvell has not demonstrated his appellate counsel was ineffective for not making such an argument. *See Bieghler*, 690 N.E.2d at 196 (relief is appropriate only when we are convinced we would have ruled differently).

### B.     *Exclusion of Ineffective Assistance of Trial Counsel Claim*

Norvell argues his appellate counsel was ineffective because he did not assert as part of Norvell's direct appeal that trial counsel was ineffective. However, Norvell has not demonstrated he was prejudiced by this decision, which is required to show ineffective assistance of counsel. *See McCary*, 761 N.E.2d at 392 (petitioner must demonstrate prejudice from counsel's alleged errors). Further, we note had Norvell's appellate counsel raised the issue on direct appeal, he would have foreclosed Norvell from raising that issue before the post-conviction court. *See Ben-Yisrayl v. State*, 738 N.E.2d 253, 259 (Ind. 2000) (once a petitioner raises a claim of ineffective assistance of counsel on direct appeal, he is precluded from raising ineffective assistance of trial counsel in a petition for post-conviction relief), *reh'g denied*, *cert. denied sub nom. Ben-Yisrayl v. Indiana*, 534 U.S. 1164 (2002).

## Conclusion

Norvell has not demonstrated trial or appellate counsel was ineffective. We accordingly affirm.

Affirmed.

Vaidik, C.J., and Friedlander, J., concur.