## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

William R. Evans
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William R. Evans, <br> *Appellant-Defendant,* <br><br> v. <br><br> Keith Butts, <br> *Appellee-Plaintiff* | December 23, 2015 <br><br> Court of Appeals Case No. 33A01-1402-MI-61 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Kit C. Dean Crane <br><br> Trial Court Cause No. 33C02-1310-MI-104 |

**Vaidik, Chief Judge.**

# Case Summary

[1] William Evans was convicted of rape in 1986 and released on parole in 2012. Following a hearing, the parole board revoked his parole for four violations in 2013. Evans filed a petition claiming that because two of the violations were improper, he was being illegally held in custody. However, even if those two violations were improper, the other two violations support the revocation. We therefore affirm the trial court's denial of Evans' petition and affirm.

# Facts and Procedural History

[2] Evans, who was convicted of rape and five additional felonies in 1986, was released on parole in April 2012. Relevant terms of his parole included: 1) Rule 2 – notify your supervising parole officer of a change in your residence address; and 2) Rule 10 – comply with all directives from your supervising parole officer. The Parole Board also imposed the Parole Stipulations for Sex Offenders, State Form 49108, which included the following relevant terms of parole: 3) Rule 10(4) – no contact with any children, including your own; and 4) Rule 10(5) – no living within 1000 feet of a place where children could reasonably be expected to congregate. The Indiana Parole Board imposed Rules 10(4) and 10(5) without including a determination that he posed a risk to minors.

[3] Evans was alleged to have violated the terms and conditions of his parole in October 2012. Following a hearing, the parole board revoked Evans' parole for

multiple violations in December 2012, and he was incarcerated in the New Castle Correctional Facility. Specifically, the parole board found that Evans committed the following parole violations: 1) Rule 2 – failed to notify his parole supervising officer of a change in his residence address; 2) Rule 10 – failed to comply with his supervising officer's directive that he not move to a specific address in Fairfield, Ohio, where his girlfriend and daughter lived; 3) Rule 10(4) – lived in a residence with six minor children; and 4) Rule 10(5) – lived within 1000 feet of soccer fields where children could reasonably be expected to congregate.

[4] In October 2013, Evans filed a habeas corpus petition alleging he was being illegally held in custody by Keith Butts, superintendent of the correctional facility, because his parole had been improperly revoked. Evans specifically explained that Rules 10(4) and 10(5), the parole stipulations for sex offenders, did not apply to him because the victim of his assault was an adult. Butts filed a motion to dismiss Evans' petition, which the trial court granted. Evans appealed, and shortly after he filed his appellate brief, Butts filed a motion to remand the case to the trial court for further proceedings in light of the Indiana Supreme Court's decision in *Bleeke v. Lemmons*, 6 N.E.3d 907 (Ind. 2014). There, the Indiana Supreme Court concluded that Bleeke's parole conditions limiting his rights to interact with his children were not reasonably related to his successful reintegration into the community. *Id*. at 917.

[5] On remand, Butts filed a motion for summary disposition. The trial court properly treated Evans' petition claiming that his parole had been improperly

revoked as one for post-conviction relief. The post-conviction court explained that pursuant to *Bleeke*, a determination whether Rules 10(4) and 10(5) were reasonably related to Evans' successful reintegration into the community would require further evaluation and fact finding by the parole board. However, the trial court concluded that such an evaluation was unnecessary in this case because Evans also violated Parole Rules 2 and 10, which supported the revocation of his parole. The trial court therefore denied Evans' petition and granted Butts' motion for summary disposition. Evans appeals.

## Discussion and Decision

[6] At the outset we note that Evans proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue,* 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of the appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006). In light of this standard, we further note that although Evans raises seven issues in his appellate brief, we consolidate them all into one: whether there is sufficient evidence to support the revocation of his parole.

[7] In *Harris* we held that a challenge to revocation of parole will be treated as a petition for post-conviction relief. *See Harris v. State*, 836 N.E.2d 267, 272 (Ind. Ct. App. 2005), *trans. denied*. As such, Evans bears the burden of establishing relief by a preponderance of the evidence. *Id.* On appeal from the denial of post-conviction relief, we will only disturb a post-conviction court's decision when the evidence is uncontradicted and leads to but one conclusion, and the post-conviction court reached the opposite conclusion. *Id.*

[8] The practice of releasing prisoners on parole is an integral part of the penological system. *Id.* In Indiana, a prisoner is released on parole only upon his agreement to certain conditions. *Id.* A parole agreement is a contract between the prisoner and the State and may be subject to certain conditions imposed at the time of the granting of parole. *Id.* at 272-73. Where conditions have been imposed, the parolee is bound by them. *Id.* at 273. The parole board has the power to determine whether prisoners serving an indeterminate sentence should be released on parole and under what conditions. *Id.* The conditions must be reasonably related to the parolee's successful reintegration into the community and not unduly restrictive of a fundamental right. *Id.* The parole board has broad discretion in determining whether or not to revoke an offender's parole. *Hawkins v. Jenkins*, 374 N.E.2d 496, 500 (Ind. 1978).

[9] Here, the trial court concluded that Evans' violation of Rules 2 and 10 alone supported the revocation of his parole. Evans challenges neither the sufficiency of the evidence to support his violation of these rules nor the revocation of his parole based upon his violation of them. Further, because Evans' parole was

revoked on the basis of these two violations, we do not need to reach Evans' *Bleeke* argument. The evidence does not lead unerringly and unmistakably to a decision opposite that reached by the post-conviction court, and we find no error in the post-conviction court's denial of Evans' petition and the grant of Butts' motion.

Affirmed.

Bailey, J., and Crone, J., concur.