## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE

Silvia Carranza
South Bend, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Silvia Regina Carranza,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Norman Woodruff,<br>*Appellee-Respondent* | March 22, 2016<br><br>Court of Appeals Case No.<br>71A04-1508-DR-1206<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Margot F. Reagan, Judge<br><br>Trial Court Cause No.<br>71D04-1202-DR-127 |

**Crone, Judge.**

Silvia Regina Carranza ("Mother") appeals the trial court's denial of her petition to modify child custody of her two minor children L.A.W. and I.M.W. From what we are able to discern from the extremely limited record available for our review, it appears that Mother and Norman Woodruff ("Father") were married, are now divorced, and Father has been granted sole physical and legal custody of L.A.W. and I.M.W. since 2012. Mother filed a petition to modify custody on June 15, 2015, and following an evidentiary hearing, the trial court entered a detailed order denying Mother's petition to modify.[1]

We begin by noting that Mother proceeds in this appeal pro se. A pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). One risk a litigant takes when she proceeds pro se is that she will not know how to accomplish all the things an attorney would know how to accomplish. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*. Because the same standards apply to pro se appellants as to others, any alleged errors are waived if applicable rules are not complied with. *Foley v. Mannor*, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006).

Although failure to comply with the appellate rules does not necessarily result in waiver of the issues presented, it is appropriate where, as here, such

---

[1] We commend the trial court for its restraint and patience in this matter, as it is patently clear that Mother has bombarded the trial court with phone calls, letters, numerous motions, and other meritless filings. Mother has similarly bombarded this Court with numerous meritless filings.

noncompliance impedes our review. *See In re Moeder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015), *trans. denied*. Because it would be too cumbersome for us to restate all of the appellate rules that Mother has violated, we will simply say that her appellant's brief fails to comply in virtually every respect with Indiana Appellate Rule 46 regarding the arrangement and content of briefs. *See generally* Ind. Appellate Rule 46(A) (entitled "Appellant's Brief"). Most significantly, Indiana Appellate Rule 46(A)(8) requires that contentions in an appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal. Failure to comply with this rule results in waiver of an argument on appeal. *Reed v. Reid*, 980 N.E.2d 277, 297 (Ind. 2012).

[4] Mother's brief consists of emotional, rambling, and disorganized statements. Mother cites merely two cases in her thirty-two page brief, and does so wholly without reference to what propositions those cases stand for or how they advance any of her arguments. Mother's brief does not contain a single citation to the transcript of the trial court proceedings. Indeed, Mother failed to request the transcript of proceedings in her notice of appeal and therefore, none has been provided. "It is well settled that the duty of presenting a record adequate for intelligent appellate review on points assigned as error falls upon the appellant, as does the obligation to support the argument presented with authority and references to the record pursuant to [Indiana Appellate Rule] 46(A)(8)." *AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc.,* 816 N.E.2d 40, 44 (Ind. Ct. App. 2004). Under the circumstances presented, it is not possible for

us to provide meaningful appellate review of the trial court's denial of Mother's petition to modify.

[5] In sum, Mother's noncompliance with the appellate rules and her failure to provide us an adequate record for review has resulted in the waiver of her claim on appeal. Accordingly, we affirm the trial court's order denying Mother's petition to modify custody.

[6] Affirmed.

Najam, J., and Robb, J., concur.