## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2016, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

D.S. II
New Castle, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

D.S. II,

*Appellant,*

v.

M.C.,

*Appellee*

May 25, 2016

Court of Appeals Case No.
33A05-1602-PO-246

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1510-PO-162

**Baker, Judge.**

[1] D.S. appeals the judgment of the trial court denying his petition for a protective order against M.C. Finding no error, we affirm.

## Facts

[2] D.S. is an inmate at the New Castle Correctional Facility. On October 26, 2015, he filed a petition requesting that the trial court enter a protective order against M.C., who is apparently an employee of the New Castle Correctional Facility working in the law library. Appellant's App. p. 7. D.S. alleged that M.C. was stalking him. In support of this allegation, D.S. claimed that M.C. had stolen documents from him on two occasions. *Id.* at 6. The next day, the trial court issued an order summarily denying D.S.'s petition. D.S. filed a motion to correct error, which the trial court denied on December 28, 2015. D.S. now appeals.

## Discussion and Decision

[3] Though the trial court gave no reason for its denial of D.S.'s petition, this Court may affirm the trial court's ruling if it is sustainable on any legal basis in the record. *Williams v. State*, 819 N.E.2d 381, 385 (Ind. Ct. App. 2004). After reviewing D.S.'s petition, we have no trouble concluding that the trial court did not err in denying it.

[4] We believe that it is prudent for courts to avoid meddling in the internal affairs of the Department of Correction whenever possible.

> The supervision, control, and administration of prisons and prisoners generally are not matters within the authority of the

courts, but of prison administrators who possess considerable discretion in the regulation of internal institutional affairs. Wide-ranging deference is to be accorded by the courts to the decisions of prison administrators, with regard to the administration of their institutions, and their discretion should not be interfered with by the courts in the absence of abuse or unless exercised unlawfully, arbitrarily, or capriciously.

Accordingly, absent a deprivation of constitutional rights, courts should not interfere in the internal administration of prisons, and should do so only in an unusual exigency where it appears that there is a likelihood that some oppression or injustice is occurring and that it would be unconscionable not to examine the alleged grievance.

67A C.J.S. *Prisons* § 8 (citations omitted).

Consequently, this Court will normally require prisoners to exhaust their administrative remedies before they are allowed access to the courts. *Higgason v. Lemmon*, 818 N.E.2d 500, 503 (Ind. Ct. App. 2004). "This policy avoids premature litigation, permits the compilation of an adequate record for judicial review, and affords agencies the opportunity and autonomy to correct their own errors." *Id.*

Here, D.S. seeks a protective order against M.C., an employee of the prison, who D.S. alleges stole documents from him on two separate occasions. Appellant's App. p. 6. D.S. asserts that he is entitled to a protective order

because he believes these incidents amount to "stalking."[1] While we certainly question whether this would qualify as prima facie evidence of stalking, we do not believe that the issue needs to be addressed because there is no indication from the record that D.S. made any attempt to bring this issue to the attention of appropriate prison personnel.[2]

[7] Although not in the record, this Court has previously taken note of the Offender Grievance Process (OGP) available to all individuals confined in the Indiana Department of Correction. *Adams v. ArvinMeritor, Inc.*, 48 N.E.3d 1, 10 (Ind. Ct. App. 2015). This is a three-step process that we have explained as follows:

> The offender must first attempt to informally resolve the issue by discussing it with a staff member within five working days. If the issue cannot be informally resolved, the offender may proceed to the formal process by submitting a written form to the Executive

---

[1] The Indiana Civil Protection Order Act is meant to promote the protection and safety of all victims of domestic violence. Ind. Code § 34-26-5-1; *Fox v. Bonam*, 45 N.E.3d 794, 798 (Ind. Ct. App. 2015). Domestic violence includes stalking as defined by Indiana Code section 35-45-10-1. Ind. Code § 34-6-2-34.5. That section defines "stalk" as "a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened." I.C. § 35-45-10-1. "Harassment" is defined as "conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress." I.C. § 35-45-10-2. And "'impermissible contact' includes but is not limited to knowingly or intentionally following the victim." I.C. § 35-45-10-3. Here, D.S. has only alleged that M.C. stole from him on two separate occasions. He has not alleged that M.C. has followed him or otherwise engaged in unwanted contact.

[2] We also note that Indiana Code section 34-58-1-2 directs a trial court to dismiss complaints or petitions filed by inmates if it determines that the claims are frivolous or that the inmate has failed to state a claim upon which relief may be granted. From the face of D.S.'s petition, it appears as though the trial court could have found his claim deficient for both reasons. *See Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009) (holding that an inmate's claims were frivolous and were not claims upon which relief could be granted when they simply amounted to legal conclusions and failed to inform the court of the operative facts). If a trial court wishes to dismiss an inmate's complaint for this reason, "the court shall enter an order explaining why the claim may not proceed." I.C. § 34-58-1-3.

> Assistant of the facility within twenty working days from the event triggering the concern. If the form is in compliance with the OGP, the Executive Assistant accepts and logs the form as a grievance and assigns a case number. If the grievance is still not resolved in a manner that satisfies the offender or if he does not receive a response within twenty-five working days after submitting the grievance, the offender may file an appeal to the DOC's Grievance Manager.

*Id.*

[8] There is no indication from the record that D.S. attempted to engage this process. He does not claim to have filed a grievance and it does not appear that he has taken any action to bring his concerns to the attention of anyone at the prison. We decline to insert ourselves into a dispute between an inmate and an employee of a prison absent any indication that the administration of the prison has been given an opportunity to address the issue. We simply do not have an adequate record to review the issue and the administration has not been given an opportunity to correct any errors it may have made.

[9] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.