## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2017, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Michael Kopp
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Kopp,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 13, 2017

Court of Appeals Case No.
49A02-1701-PC-146

Appeal from the Marion Superior Court

The Honorable Stanley Kroh, Magistrate

Trial Court Cause No.
49G03-1412-PC-054615

**May, Judge.**

[1] Michael Kopp appeals the post-conviction court's denial of his petition for post-conviction relief. He argues his appellate counsel was ineffective for improperly arguing double jeopardy and failing to raise certain issues as part of his direct appeal. We affirm.

# Facts and Procedural History

[2] The facts of Kopp's relevant[1] convictions were set forth by our court as part of his direct appeal:

> Kopp is the step-father of the victim, L.P. The evidence at trial shows that Kopp molested his victim in numerous ways during his marriage to the victim's mother.
>
> Count I of the charging information alleges that Kopp molested L.P. on or between May 1, 1998 to August 31, 1998. Count II of the charging information alleges that Kopp molested L.P. on or about September 1, 1998, to January 17, 1999.

*Kopp v. State*, 867 N.E.2d 288 at *1 (Ind. Ct. App. May 24, 2007). The trial court sentenced Kopp to an aggregate sentence of sixty years, with forty years executed, twenty years suspended, and ten years of probation.

---

[1] The trial court also convicted Kopp of Class D felony child seduction, but he did not challenge that conviction as part of his direct appeal or in the current appeal of the denial of his request for post-conviction relief.

[3]     On direct appeal, Kopp argued his convictions for two counts of Class A felony child molesting violated the continuing crime doctrine[2] and his right to be free from double jeopardy based on the actual evidence test.[3] We affirmed Kopp's convictions. Regarding his first argument, we held:

> Kopp's acts do not constitute a continuing criminal transaction. They were not compressed in time or continuity of action. The victim's testimony established that Kopp molested her on a regular basis over a period of time that began during the summer between the victim's seventh and eighth grades and continued through her junior year of high school.

*Id*. Regarding his second argument, we concluded,

> the Kopp jury heard testimony from the victim from which it could find or infer that a molestation occurred during the time frame specified in the first count and the jury heard separate testimony from which it could find or infer that an additional molestation occurred during the time frame specified in the second count.

---

[2] The continuing crime doctrine states that "actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Riehle v. State*, 823 N.E.2d 287, 296 (Ind. Ct. App. 2005), *trans. denied*.

[3] Under the actual evidence test,

> the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. To show that two challenged offenses constitute the 'same offense' in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999).

*Id*. at *2.

On July 28, 2011, Kopp filed a petition for post-conviction relief. He withdrew that petition on March 1, 2013, and refiled a petition for post-conviction relief on December 11, 2014. In the refiled petition, he alleged his appellate counsel was ineffective for a variety of reasons. The post-conviction court held a hearing on the matter on July 21, 2015, during which Kopp's appellate counsel, Taffanee Keys, testified. On January 3, 2017, the post-conviction court denied Kopp's petition for post-conviction relief.

## Discussion and Decision

We first note Kopp proceeds *pro se*. A litigant who proceeds *pro se* is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*, 558 U.S. 1074 (2009). One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002), *reh'g denied, cert. denied,* 537 U.S. 1122

(2003). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id.* A party appealing a post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation and citation omitted), *reh'g denied*, *cert. denied,* 534 U.S. 830 (2001).

[7] We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. *Fisher v. State*, 810 N.E.2d 674, 676-7 (Ind. 2004). The defendant must show that appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Id.* at 677. A claim of ineffective appellate assistance generally falls into one of three categories: (1) denial of access to an appeal; (2) waiver of issues; or (3) failure to present issues well. *Id.* We employ a two-part test to evaluate "waiver of issue" claims: (1) whether the unraised issues are significant and obvious from the face of the record, and (2) whether the unraised issues are "clearly stronger" than the raised issues. *Id.*

[8]     Because counsel has considerable discretion in choosing strategy and tactics, we presume counsel's assistance was adequate and all significant decisions were made in the exercise of reasonable professional judgment. *State v. Miller*, 771 N.E.2d 1284, 1288 (Ind. Ct. App. 2002), *reh'g denied*, *trans. denied*. One of the most important strategic decisions is deciding what issues to raise on appeal. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1998), *reh'g denied, cert. denied*, 525 U.S. 1021 (1998). Appellate counsel is not ineffective for declining to present a claim that had no merit. *Stowers v. State*, 657 N.E.2d 194, 200 (Ind. Ct. App. 1995), *trans. denied*.

[9]     Kopp argues his appellate counsel, Keys, was ineffective because she erroneously advanced the argument Kopp's two convictions of Class A felony child molest constituted a violation of the continuing crime doctrine instead of arguing the evidence was insufficient to support his conviction. Kopp contends Keys should have argued the State did not present sufficient evidence he molested L.P. between September 1, 1998, and January 17, 1999, as alleged in Count II. He claims his "double jeopardy claim is more likened to sufficiency of the evidence while Keys['] double jeopardy claim is likened to [the] continuing crime doctrine." (Br. of Appellant at 9.)

[10]    Our Indiana Supreme Court explained in *Bieghler*:

> Claims of inadequate presentation of certain issues, when such were not deemed waived in the direct appeal, are the most difficult for convicts to advance and reviewing tribunals to support. . . .

First, these claims essentially require the reviewing tribunal to review specific issues it has already adjudicated to determine whether the new record citations, case references, or arguments would have had any marginal effect on their previous decision. Thus, this kind of ineffectiveness claim, as compared to the others mentioned, most implicates concerns of finality, judicial economy, and repose while least affecting assurance of a valid conviction.

Second, an Indiana appellate court is not limited in its review of issues to the facts and cases cited and arguments made by the appellant's counsel. We commonly review relevant portions of the record, perform separate legal research, and often decide cases based on legal arguments and reasoning not advanced by either party. . . .

For these reasons, an ineffectiveness challenge resting on counsel's presentation of a claim must overcome the strongest presumption of adequate assistance. Judicial scrutiny of counsel's performance, already "highly deferential," *Spranger v. State*, 650 N.E.2d 1117, 1121 (Ind. 1995), is properly at its highest. Relief is only appropriate when the appellate court is confident it would have ruled differently.

690 N.E.2d at 195-6.

[11] Kopp does not offer argument regarding why the continuing crime doctrine argument was incorrectly presented, only that he would have instead advanced a sufficiency of the evidence argument. In our opinion on direct appeal, we held "[L.P.'s] testimony established that Kopp molested her on a regular basis over a period of time that began during the summer between the victim's seventh and eighth grades and continued through her junior year of high

school." *Kopp*, 867 N.E.2d 288 at *1. As we do not reweigh the evidence or judge the credibility of witnesses, *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007), Kopp's insufficiency of the evidence claim would not have been successful. *See Bieghler*, 690 N.E.2d at 196 ("Relief is only appropriate when the appellate court is confident it would have ruled differently."). Thus, Kopp has not demonstrated his appellate counsel was ineffective for raising an argument regarding the continuing crime doctrine instead of arguing the State did not present sufficient evidence he committed Class A felony child molesting. *See Stowers*, 657 N.E.2d at 200 (appellate counsel is not ineffective for declining to present a claim that would have been meritless).

[12] Kopp also argues his appellate counsel was ineffective because she did not argue the trial court abused its discretion when it denied his motion for directed verdict. After the State's presentation of evidence, Kopp moved for a directed verdict because he claimed the State failed to present evidence he was over twenty-one years old at the time of the offenses as required by the elements of Class A felony child molesting. "In order for a trial court to appropriately grant a motion for a directed verdict, there must be a total lack of evidence regarding an essential element of the crime[.]" *McClendon v. State*, 910 N.E.2d 826, 836 (Ind. Ct. App. 2009), *trans. denied*.

[13] Here, the trial court stated, when it denied Kopp's motion for directed verdict on the child molest charges, "I am going to deny the motion, based on the facts in the record right now are that there was a marriage and a date of 1995, as well as employment as a -- of -- as a firefighter." (Trial Tr. at 87.) Kopp

subsequently admitted during direct examination to being over twenty-one years old at the time of the alleged crimes.

[14] Kopp argues on appeal that there was nothing in the record to suggest the State presented evidence about "how old Kopp was when he married in 1995 nor that he was a paid fire fighter rather than a young volunteer fireman." (Br. of Appellant at 12.) However, Kopp has not demonstrated this issue would have been stronger than the issues raised. *See Fisher*, 810 N.E.2d at 677 (appellate counsel is ineffective for failing to raise an issue if the issue is significant and obvious from the record and the issue is clearly stronger than others argued on direct appeal). Thus, he has not demonstrated his appellate counsel was ineffective for declining to raise it.

# Conclusion

[15] Kopp has not demonstrated his appellate counsel was ineffective for choosing the issues presented in his direct appeal instead of the issues he thought were more appropriate. Accordingly, we affirm.

[16] Affirmed.

Barnes, J., and Bradford, J., concur.