## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 15 2019, 11:09 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin Martin
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Martin,

*Appellant-Plaintiff,*

v.

Richard Brown, et. al.,

*Appellees-Defendants*

March 15, 2019

Court of Appeals Case No.
18A-CT-2940

Appeal from the Sullivan Superior Court

The Honorable Hugh R. Hunt, Judge

Trial Court Cause No.
77D01-1807-CT-361

**Crone, Judge.**

# Case Summary

Kevin Martin, an inmate at the Wabash Valley Correctional Facility ("WVCF"), appeals the trial court's order entering judgment on the pleadings and dismissing with prejudice his complaint filed against Richard Brown, Charles Dugan, Michelle Martin, and Jerricha Meeks (collectively "the Defendants").[1] He makes various assertions of trial court error. Concluding that he has waived our review of these alleged errors, we affirm.

# Discussion and Decision

We begin by noting that Martin proceeds pro se. A litigant who proceeds pro se is held to the same rules of procedure that trained counsel is bound to follow *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. Pro se litigants are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). One risk a litigant takes when he proceeds pro se is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Smith*, 907 N.E.2d at 555. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of the appeal. *Foley v. Mannor*, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006).

---

[1] From what we can gather, it appears that each of the Defendants is or was an employee or official of WVCF. Martin's complaint appears to allege a tort claim against the Defendants as well as claims for violations of his civil rights.

[3] Although failure to comply with the appellate rules does not necessarily result in waiver of the issues presented, it is appropriate where, as here, such noncompliance substantially impedes our review. *In re Moeder*, 27 N.E.3d 1089, 1097 (Ind. Ct. App. 2015), *trans. denied*. First, Indiana Appellate Rule 43(C) states that an appellate brief "shall be produced in a neat and legible manner[.]" Much of the handwritten text in Martin's fourteen-page appellate brief and his ninety-seven-page appendix is virtually illegible. Consequently, there are countless words and sentences that we are unable to decipher or understand.

[4] Additionally, Martin's appellate brief contains no statement of case or statement of facts as required by Indiana Appellate Rules 46(A)(5) and -(A)(6). Accordingly, we have been provided no explanation of "the nature of the case, the course of proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court[,]" and we have been provided no "facts relevant to the issues presented for review." Ind. Appellate Rules 46(A)(5), -(A)(6). Moreover, Indiana Appellate Rule 46(A)(8) requires that contentions in an appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal. Martin's brief is replete with bald statements and assertions unsupported by cogent argument. The mere citation to legal authority in support of an argument is insufficient if it is not also supported by cogent reasoning.

[5] We will not search the record to find a basis for a party's argument, nor will we search the authorities cited by a party in order to find legal support for his

position.  *Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012).  In short, this Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood."  *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016).  Failure to abide by our appellate rules of procedure has resulted in waiver of Martin's claims on appeal.  *See, e.g.*, *Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009).  We affirm the trial court in all respects.

[6]  Affirmed.

Vaidik, C.J., and Mathias, J., concur.