## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 11 2019, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT, PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Ahkeem Scott-Manna<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Jesse R. Drum<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ahkeem Scott-Manna,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 11, 2019<br><br>Court of Appeals Case No.<br>18A-PC-467<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Diane Ross Boswell, Judge<br><br>The Honorable Natalie Bokota, Magistrate<br><br>Trial Court Cause No.<br>45G03-1602-PC-2 |

**Pyle, Judge.**

# Statement of the Case

Ahkeem Shakur Scott-Manna ("Scott-Manna") appeals the denial of his motion for a change of judge in his post-conviction relief proceedings. Concluding that the post-conviction court did not err, we affirm the denial of Scott-Manna's motion.

We affirm.

# Issue

Whether the post-conviction court erroneously denied Scott-Manna's motion for a change of judge.

# Facts

In 2014, a jury convicted Scott-Manna of murder, and the trial court sentenced him to sixty years. The following year, this Court affirmed Scott-Manna's conviction and sentence on direct appeal. *See Scott-Manna v. State*, No. 45A05-1411-CR-391 (Ind. Ct. App. Jul. 27, 2015), *trans. denied*.

Scott-Manna filed a petition for post-conviction relief in February 2016. Four days later, he filed a motion for a change of judge.[1] With his motion, Scott-Manna tendered a supporting affidavit, which listed the following five "facts and reasons" for the judge's personal bias and prejudice against him: (1) she admitted the victim's dying declaration into evidence; (2) she knew the victim

---

[1] The post-conviction judge had also been the judge at Scott-Manna's trial.

and shared "similarities and character" with her; (3) at trial, she made "doubting gestures," expressed sarcasm, overruled defense objections, and denied his motion for a mistrial; (4) she allowed the "exaggerated charges" against Scott-Manna "to stick" and denied him "alternate placement;" and (5) she sentenced Scott-Manna to sixty years. (App. Vol. 3 at 40). In March 2016, the post-conviction court denied Scott-Manna's motion for a change of judge, and in January 2018, the post-conviction court denied his petition for post-conviction relief.

[5] Scott-Manna now appeals the post-conviction court's denial of his motion for change of judge.

## Decision

[6] At the outset, we note that Scott-Manna proceeds pro se. A litigant who proceeds pro se is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds pro se is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[7] Scott-Manna argues that the post-conviction court erroneously denied his motion for a change of judge. Pursuant to Post-Conviction Rule 1(4)(b), within

ten days of filing a petition for post-conviction relief, a petitioner may request a change of judge by filing an affidavit that the judge has a personal bias or prejudice against the petitioner. Post-Conviction Rule 1(4)(b) further provides that a petitioner's motion for a change of judge "shall be granted if the historical facts recited in the affidavit [filed in support of the motion] support a rational inference of bias or prejudice." This rule requires the judge to examine the affidavit, treat the historical facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice. *Pruitt v. State*, 903 N.E.2d 899, 939 (Ind. 2009), *cert. denied*. A change of judge is neither automatic nor discretionary but calls for a legal determination by the post-conviction court. *Id.* It is presumed that the post-conviction court is not biased against a party and disqualification is not required under the rule unless the judge holds a "personal bias or prejudice." *Id.* (quoting P.-C.R. 1(4)(b)). Typically, a bias is personal if it stems from an extrajudicial source, which means a source separate from the evidence and argument presented at the proceedings. *Pruitt*, 903 N.E.2d at 939.

[8] The ruling on a motion for change of judge is reviewed under the clearly erroneous standard. *Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003). Reversal will require a showing which leaves us with a definite and firm conviction that a mistake has been made. *Id.*

[9] Here, our review of the allegations in Scott-Manna's petition reveals that his proffered facts and reasons one, three, four, and five rely on the judge's actions at trial and sentencing and are not extrajudicial sources. We agree with the

State that "[o]nly Scott-Manna's second fact and reason could potentially support an inference of bias or prejudice." (Appellee's Br. at 7). That fact and reason alleged that the judge knew the victim and shared "similarities and character" with her. (App. Vol. 3 at 40).

[10] Regarding Scott-Manna's allegation that the trial court judge knew the victim, Indiana appellate courts have held that a judge is not necessarily disqualified because of social relationships with the victim or the victim's family. *See, e.g., Simmons v. State*, 504 N.E.2d 575, 581 (Ind. 1987) (holding that a change of judge was not required where the judge was a friend of the rape victim's father because they were both members of the bar); *Bixler v. State*, 471 N.E.2d 1093, 1100-01 (Ind. 1984) (holding that a change of judge was not mandated where the judge went to the same church as the murder victim's family and had prepared a will for the stepfather of the victim's mother), *cert. denied*; *McKinney v. State*, 873 N.E.2d 630, 640 (Ind. Ct. App. 2007) (holding that the defendant failed to demonstrate bias or prejudice where the murder victim's mother was a former employee of the judge), *trans. denied*.

[11] Here, Scott-Manna has alleged only that the victim and the trial court judge knew each other. He has failed to both demonstrate the type of relationship that would have required a change of judge and to rebut the presumption that

the judge was not biased or prejudiced.[2]  The post-conviction court did not erroneously deny Scott-Manna's motion for a change of judge.

[12]  Affirmed.

Riley, J., and Bailey, J., concur.

---

[2] We further note that Scott-Manna's cursory allegation that the judge and the victim shared "similarities and character" is simply too vague to rebut this presumption.  (App. Vol. 3 at 30).  In his reply brief, Scott-Manna clarifies that both the judge and the victim were "elderly black wom[e]n."  Scott-Manna's Reply Br. at 2. This additional information regarding a shared physical characteristic also fails to rebut the presumption that the judge was not biased or prejudiced.