## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 24 2019, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Billy J. Lemond
Westville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Billy J. Lemond, <br> *Appellant- Plaintiff,* <br><br> v. <br><br> Indiana Department of Correction, State of Indiana, and Westville Correctional Facility, <br> *Appellees- Defendants.* | September 24, 2019 <br><br> Court of Appeals Case No. 19A-SC-708 <br><br> Appeal from the LaPorte Superior Court <br><br> The Honorable Jeffrey L. Thorne, Judge <br><br> Trial Court Cause No. 46D03-1812-SC-2642 |

**Tavitas, Judge.**

# Case Summary

Billy Lemond appeals the small claims court's dismissal of his claim against the Westville Correctional Facility, the Indiana Department of Correction ("DOC"), and the State of Indiana (collectively, "Defendants").[1] We affirm.

# Issue

Lemond raises one issue, which we restate as whether the small claims court erred by dismissing Lemond's claim.

# Facts

Lemond is incarcerated at the Westville Correctional Facility. According to Lemond, officers improperly confiscated some of his personal property on July 8, 2018. Lemond claims to be missing the following: "One pair of Sweatpants, one box of Tea bags, two boxes of Sugar Substitute, one Minced Onion, one bag of Coffee, one box of Saltine Crackers, One Salt and Pepper shaker[], One Mrs. Dash Seasoning." Appellant's App. Vol. II p. 29. According to Lemond, he filed a notice of tort claim with the DOC on July 30, 2018, but failed to use the proper form. Lemond claims to have filed another notice of tort claim with the DOC on October 11, 2018, using the correct form.

---

[1] Defendants filed a notice of non-involvement with this appeal. Defendants noted that they were not issued a summons in the small claims court matter, that they were not involved in the appeal, and that they did not intend to file a brief. This Court accepted Defendants' notice of non-involvement.

[4] On November 7, 2018, Lemond filed a proposed notice of small claims complaint against Defendants pursuant to Indiana Code Chapter 34-58-1, which provides a screening procedure for offender litigation. Lemond alleged that DOC staff took his personal property valued at $29.19. Lemond requested $29.19 plus $2.35 in prejudgment interest and $100 for "expenses and time in filing tort and claim." *Id.* at 9.

[5] The small claims court conducted the review provided for in Indiana Code Section 34-58-1-2, and on December 28, 2018, the small claims court entered the following order:

> Plaintiff having submitted his original claim for filing on November 7, 2018 and the Court having ordered the Clerk to docket the matter without receiving a filing fee subject to review as required by I.C. 34-58-1-2 by Order entered November 21, 2018, and the Court having conducted the review as required by I.C. 34-58-1-2 issues the following:

> **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

> 1. The Court finds Plaintiff's claim to be frivolous under I.C. 34-58-1-2.

> 2. The Court finds that said claim was filed to harass the Defendants per I.C. 34-58-1-2.

> 3. The Court finds that said claim does not comply with the requirements of I.C. § 34-13-3-7.

4. To the extent that Plaintiff seeks recovery from Defendants in their capacities as employees or agents of the state of Indiana, the Indiana Department of Correction or any other governmental entity, Plaintiff's claim wholly fails to comply with the requirements of the Indiana Tort Claims Act at I.C. 34-13-3-1 et seq.

5. Plaintiff's claim fails to comply with the provisions of I.C. § 34-13-7-1.

6. The Court finds Plaintiff's claim to be frivolous under I.C. § 3[4]-13-7-1.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Relief from Fee and Civil Action be and the same is hereby granted and this cause shall be ordered filed without the payment of the required filing fee.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the claim as filed does not meet the requirements of Indiana law as set forth hereinabove.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff be and he is hereby given an additional thirty (30) days from which to file additional pleadings and/or documents to remedy the aforementioned deficiencies.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Clerk of this Court shall send copies of this Order to Plaintiff, the named Defendants, the Indiana Department of Correction, the Attorney General of the state of Indiana.

*Id.* at 18-19.

Lemond then filed a motion to reconsider and submitted his tort claim notices and limited information regarding prior litigation he had filed. On February 14, 2019, the small claims court entered an order denying Lemond's motion to reconsider and found as follows:

> 2. The Court finds Plaintiff's claim to be frivolous under IC 34-58-1-2.
>
> 3. The Court finds that said claim was filed to harass the Defendants per IC 34-58-1-2.
>
> 4. Plaintiff's claim wholly fails to comply with the provisions of IC 34-13-7-1.
>
> 5. The Court finds . . . Plaintiff's claim to be frivolous under IC 3[4]-13-7-1.

*Id.* at 6. Lemond now appeals.

## Analysis

Lemond argues that the small claims court erred by dismissing his claim. Lemond's claim was resolved pursuant to Indiana Code Chapter 34-58-1, which provides a screening procedure for offender litigation. In reviewing the dismissal of an offender's claim, complaint, or dismissal pursuant to Indiana Code Chapter 34-58-1, "we employ a de novo standard of review." *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*, 558 U.S. 1074, 130 S. Ct. 800 (2009). "Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition." *Id.* "Further, we

determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory." *Id.*

[8] Indiana Code Section 34-58-1-1 provides: "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." Section 2 of the chapter states:

> (a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:
>
> > (1) is frivolous;
> >
> > (2) is not a claim upon which relief may be granted; or
> >
> > (3) seeks monetary relief from a defendant who is immune from liability for such relief.
>
> (b) A claim is frivolous under subsection (a)(1) if the claim:
>
> > (1) is made primarily to harass a person; or
> >
> > (2) lacks an arguable basis either in:
> >
> > > (A) law; or
> > >
> > > (B) fact.

(c) A court shall dismiss a complaint or petition if:

> (1) the offender who filed the complaint or petition received leave to prosecute the action as an indigent person; and

> (2) the court determines that the offender misrepresented the offender's claim not to have sufficient funds to prosecute the action.

Ind. Code § 34-58-1-2.

We conclude that the small claims court properly dismissed Lemond's small claims court action. Although the small claims court identified several reasons for the dismissal, we focus on Lemond's failure to comply with Indiana Code Chapter 34-13-3 and Indiana Code Section 34-13-7-1.

## I. Indiana Code Chapter 34-13-3

Indiana Code Section 34-13-3-7(a) requires an offender to "file an administrative claim with the department of correction to recover compensation for the loss of the offender's personal property alleged to have occurred during the offender's confinement as a result of an act or omission of the department . . . ." The administrative claim must be filed within one hundred eighty days after the date of the alleged loss. I.C. § 34-13-3-7(a). The DOC must then evaluate each claim and "determine the amount due, if any." I.C. § 34-13-3-7(b).

> Within ninety (90) days of the filing of a claim, the governmental entity shall notify the claimant in writing of its approval or denial of the claim. A claim is denied if the governmental entity fails to approve the claim in its entirety within ninety (90) days, unless the parties have reached a settlement before the expiration of that period.

I.C. § 34-13-3-11. Indiana Code Section 34-13-3-13 provides that "[a] person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." This "notice provision is not a statute of limitation but a procedural precedent which must be fulfilled before filing suit in a state court." *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 869 (Ind. Ct. App. 1999), *trans. denied*.

[11] Here, Lemond apparently filed his tort claim notice with the DOC on October 11, 2018, and the claim was deemed denied on January 9, 2019, pursuant to Indiana Code Section 34-13-3-11.[2] Lemond, however, filed his small claims court action on November 7, 2018, long before the DOC responded to the claim or it was deemed denied. Lemond, consequently, filed his claim prematurely, and the small claims court properly dismissed it under Indiana Code Section 34-58-1-2 because it is not a claim upon which relief may be granted. *See, e.g., Orem*, 711 N.E.2d at 870 (holding that the trial court should have dismissed the plaintiff's claim without prejudice because it was filed prematurely).

---

[2] The tort claim was apparently denied in writing by the Special Investigation Division of the Office of the Attorney General on March 19, 2019, after this appeal was initiated.

## II. Indiana Code Section 34-13-7-1

[12]    The small claims court concluded that "Plaintiff's claim wholly fails to comply with the provisions of IC 34-13-7-1." Appellant's App. Vol. II pp. 6, 18. Indiana Code Section 34-13-7-1(a) requires the offender to, in part, submit the following to the trial court with the proposed complaint:

> (2) a list of all cases previously filed by the offender involving the same, similar, or related cause of actions; and

> (3) a copy of all relevant documents pertaining to the ultimate disposition of each previous case filed by the offender against any of the same defendants in a state or federal court. The relevant documents include:

>> (A) the complaint;

>> (B) any motions to dismiss or motions for summary judgment filed by the defendants in the actions;

>> (C) the state or federal court order announcing disposition of the case; and

>> (D) any opinions issued in the case by any appellate court.

[13]    Lemond failed to submit any information regarding his prior cases filed against the same defendants in his initial filing with the small claims court. When Lemond filed his motion to reconsider, he mentioned two prior cases he had filed against the same defendants. Lemond, however, failed to file any of the relevant documents, such as the complaint, orders, or opinions, regarding those

two cases.  Given Lemond's failure to comply with Indiana Code Section 34-13-7-1, the small claims court properly dismissed his claim.

## Conclusion

The small claims court properly dismissed Lemond's claim.  We affirm.

Affirmed.

Brown, J., and Altice, J., concur.