## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2018, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Christopher Richardson
Bunker Hill, Indiana

ATTORNEY FOR APPELLEE

Rodney Pol, Jr.
Assistant City Attorney – City of
Gary, IN
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Richardson,

*Appellant-Plaintiff,*

v.

Det. Arturo Azcona, Jr., Gary Police Department, and City of Gary, Indiana,

*Appellees-Defendants*

January 29, 2018

Court of Appeals Case No.
45A05-1703-CT-00599

Appeal from the Lake Superior Court

The Honorable Michael N. Pagano, Magistrate

Trial Court Cause No.
45D09-1610-CT-00062

**May, Judge.**

[1] Christopher Richardson appeals the trial court's grant of the motion to dismiss filed by Detective Arturo Azcona, Jr., Gary Police Department, and the City of Gary, Indiana (collectively, "the City"). Richardson argues the trial court erred

by not ruling on the motion as one for summary judgment and by not applying the Indiana discovery rule when determining the date the statute of limitations began to run. The City contends the trial court did not err because the alleged violations accrued at the time of Richardson's arrest, such that he is time-barred from filing his claims.

[2] We affirm.

# Facts and Procedural History

[3] On August 20, 2010, Richardson shot Simmuel Mobley. Detective Azcona arrested Richardson on September 15, 2010. Richardson was charged on September 17, 2010. His initial hearing, before a magistrate, was on September 20, 2010. Richardson was held in the Lake County Jail until trial. A jury found Richardson guilty. This court affirmed his conviction. *Richardson v. State*, 968 N.E.2d 867 (Ind. Ct. App. 2012) (unpublished disposition), *trans. denied*. Richardson sought but was denied post-conviction relief.

[4] On August 31, 2015, in federal court, Richardson filed a claim pursuant to 28 U.S.C. § 1983 (hereinafter, "§ 1983") against the City of Gary and Detective Azcona alleging he was arrested without probable cause and Mobley was coerced into testifying falsely. On September 22, 2015, the federal court dismissed his false arrest claim with prejudice finding it was barred by the statute of limitations, and it dismissed his coercion claim as not yet ripe. Richardson did not appeal the dismissals.

On July 16, 2016,[1] Richardson filed the current claim in state court alleging conspiracy, false arrest, false imprisonment, delay of prompt judicial determination, and denial of a protected liberty interest. Richardson also added the Gary Police Department as a party. The City filed a motion to dismiss as the claims were barred by the statute of limitations, were barred by *res judicata*, were unripe, and named parties that were improper because they had no control over when Richardson was brought before a magistrate. Richardson requested leave to amend his complaint to reflect he was pursuing only the claims of false imprisonment, delay of prompt judicial determination, and denial of a protected liberty interest. The trial court did not rule on Richardson's motion to amend.

After a hearing on the City's motion to dismiss, the trial court requested briefing on Indiana's Journey's Account Statute.[2] Thereafter, the trial court

---

[1] Although the file-stamp on his claim reflects a later date, the trial court judge acknowledged Richardson's claim had been misplaced by the court clerk. (*See* App. at 9.)

[2] The Journey's Account Statute says:

> (a) This section applies if a plaintiff commences an action and:
>
>> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
>>
>> (2) the action abates or is defeated by the death of a party; or
>>
>> (3) a judgment is arrested or reversed on appeal.
>
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>
>> (1) three (3) years after the date of the determination under subsection (a); or
>>
>> (2) the last date an action could have been commenced under the statute of limitations governing the original action;
>
> and be considered a continuation of the original action commenced by the plaintiff.

Ind. Code § 34-11-8-1 (2005).

granted the City's motion: "[T]he court now rules that Defendants' Motion is well taken in all respects. Furthermore, the court concludes that the Journeys [sic] Account Statute does not save Plaintiff's claim. Accordingly, all claims still pending are dismissed with prejudice." (App. Vol II at 135.)[3]

# Discussion and Decision[4]

[7] We first note Richardson proceeds *pro se*. A litigant who proceeds *pro se* is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*, 558 U.S. 1074 (2009). One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[8] We review summary judgment[5] using the same standard as the trial court: summary judgment is appropriate only where the designated evidence shows

---

[3] On August 8, 2017, pursuant to Richardson's petition for writ of *habeas corpus*, the Seventh Circuit held that, due to Confrontation Clause errors, the State had 120 days to retry Richardson or he would be granted a writ of *habeas corpus*. *Richardson v. Griffin*, 866 F.3d 836 (7th Cir. 2017).

[4] On appeal, Richardson challenges the dismissal of only those claims listed in his amended complaint. As such, we address only those claims.

[5] Richardson argues the trial court erred in not ruling on the City's motion to dismiss as a motion for summary judgment. The City argues the trial court treated its motion to dismiss as a motion for summary judgment and that any error in not naming its order as one for summary judgment is harmless. We will

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Rogers v. Martin,* 63 N.E.3d 316, 320 (Ind. 2016). All facts and reasonable inferences are construed in favor of the non-moving party. *City of Beech Grove v. Beloat,* 50 N.E.3d 135, 137 (Ind. 2016). Where the challenge to summary judgment raises questions of law, we review them *de novo. Rogers,* 63 N.E.3d at 320.

## Due Process and Liberty Interest

[9] Richardson's claims of a delay of prompt judicial determination and denial of a protected liberty interest are grounded in assertions of a due process violation and a denial of his liberty interest. The trial court granted summary judgment to the City on these claims because they are unripe. Such claims may be brought only after a conviction has been set aside, as doing otherwise would be considered a collateral attack on a valid conviction. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008), *reh'g denied, cert. denied* 556 U.S. 1235 (2009). Richardson's underlying convictions have not been set aside; thus, the trial court did not err when it granted summary judgment to the City on these claims.

---

review this matter as an appeal from a summary judgment. *See Dixon v. Siwy*, 661 N.E.2d 600, 604 (Ind. Ct. App. 1996) (If the trial court treats a motion to dismiss as a motion for summary judgment and gives the parties "reasonable opportunity to present external material," it does not err if it then fails to designate the motion as one for summary judgment instead of dismissal. The appellate court must simply review the case as though it arises from a grant of summary judgment.).

# Statute of Limitations[6]

[10] False imprisonment claims brought in federal court pursuant to § 1983 have a statute of limitations equivalent to the personal injury tort statute of limitations of the state in which they occurred. *Wallace v. Kato*, 549 U.S. 384, 389 (2007), *reh'g denied.* Thus, for a federal § 1983 claim, the statute of limitations in Indiana is two years. Ind. Code § 34-11-2-4 (2013). However, when, as here, a public officer's actions are implicated in a § 1983 claim filed in state court, the proper statute of limitations is provided by Indiana Code section 34-11-2-6 (1998), which allows five years to file a claim. *Myers v. Maxson*, 51 N.E.3d 1267, 1281 (Ind. Ct. App. 2016), *trans. denied.* Thus, we review this matter using the five-year statute of limitations.

[11] Richardson argues the trial court erred when it granted summary judgment to the City as to this claim because he filed it within the statute of limitations. Richardson asserts that, pursuant to Indiana's Discovery Rule, the statute of limitations for his claim should commence on the second day of his jury trial, *i.e.*, July 27, 2011, rather than when he was arraigned, *i.e.*, September 20, 2010. "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant*

---

[6] Although the City's motion to dismiss argues Richardson's claims should be dismissed for three different reasons—failure to name the proper party, *res judicata*, and statute of limitations—the trial court's order of dismissal is a general order and it is unclear as to which reasons the trial court dismissed Richardson's claims. Richardson argues only his claim should not be dismissed because it was not barred by the statute of limitations; thus, we address only this argument.

*to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389 (emphasis in original); *see also Johnson v. Blackwell*, 885 N.E.2d 25, 31 (Ind. Ct. App. 2008) ("cause of action for false imprisonment/false arrest accrued when [arrestee] was bound over for trial"). As such, the proper day for the statute of limitations on Richardson's false imprisonment claim to commence was, at the latest, September 20, 2010, at his initial hearing.

[12] Richardson filed his § 1983 claim in State court on July 16, 2016. More than five years elapsed between the alleged violation and when Richardson filed his claim.[7] As we hold the false imprisonment allegation accrued September 20, 2010, and not July 27, 2011, Richardson presents no issue of material fact that brings his filing within the five-year statute of limitations. Richardson's false imprisonment claim is barred, and the trial court did not err when it granted summary judgment to the City on his claim. *See* id. at 33 (when plaintiff files complaint outside the statute of limitation, dismissal is proper).

# Conclusion

---

[7] The trial court considered the Journey's Account Statute, Indiana Code section 34-11-8-1 (2005), when it made its order; however, it concluded Richardson's claim was not saved by this statute. Richardson argues he never abandoned his claim regarding the Discovery Rule and offers no cogent argument as to the application of the Journey's Account Statute in this appeal. (*See* Appellant's Br. at 16.) Therefore, any possible argument as to the Journey's Account Statute is waived. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (waiving arguments for failure to cite authority or provide cogent argument).

[13]     Any error by the trial court in naming its order one of dismissal rather than of summary judgment was harmless as the trial court effectively treated the motion as one of summary judgment. Richardson's due process and liberty claims are unripe; thus, the trial court did not err in granting summary judgment, and we affirm. As Richardson's false imprisonment claim is time-barred and he presented no issue of material fact to overcome that bar, we affirm the trial court's order.

[14]     Affirmed.

Barnes, J., and Bradford, J., concur.